CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

MDB Communications, Inc.        *Plaintiff*

vs.

Hartford Casualty Insurance Company        *Defendant*

Civil Action No. _____

05-0008097

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Roy L. Niedermayer
Name of Plaintiff's Attorney

4800 Hampden Lane, 7th Floor
Address

Bethesda, MD 20814

(301) 951-9450
Telephone

By _____
    Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98         NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MDB COMMUNICATIONS, INC.<br>1050 17th Street, NW<br>Suite 500<br>Washington, DC 20036<br><br>        Plaintiff,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY<br>Hartford Plaza<br>Hartford, Connecticut 06115<br><br>    SERVE: CT Corporations Systems<br>        1015 15th Street, NW<br>        Suite 1000<br>        Washington, D.C. 20005<br><br>        Defendant. | )<br>)<br>)  05-0008097<br>)<br>)<br>)<br>)<br>)<br>) Civil No.<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DAMAGES**

Plaintiff, MDB Communications, Inc., by Roy I. Niedermayer and Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chartered, its attorneys, sues Hartford Casualty Insurance Company for monetary damages as follows:

JURISDICTION; PARTIES

1. MDB Communications, Inc. ("MDB") is a corporation that provides advertising and marketing services to a wide array of clients. Its principal place of business is 1050 17th Street, NW, Suite 500, Washington, D.C. 20036. At all time relevant to these allegations, it was doing business in the District of Columbia and deriving substantial revenues from its business activities in the District of Columbia.

2. Hartford Casualty Insurance Company ("Hartford") is a corporation in the

business of providing insurance policies and coverage in the District of Columbia. At all time relevant to these allegations, it was doing business in the District of Columbia and deriving substantial revenues from its business activities in the District of Columbia.

3. This Court has subject matter jurisdiction over this action pursuant to D.C. Code Ann. § 11-921.

4. This Court has personal jurisdiction over defendant pursuant to D.C. Code Ann. § 13-423.

**CLAIMS**

### COUNT 1
(Breach of Contract)

5. MDB and Hartford entered into a contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 1") for indemnification of MDB for losses arising, *inter alia*, from employee dishonesty. The term of Policy 1 was July 28, 2003 until July 28, 2004.

6. Paragraph A.3b of the Employee Dishonesty Coverage Addendum to Policy 1 stated:

> **b. Employees at Client or Customer Premises**
>
> We will pay for any loss caused by your "employee" while at the premises of your client or customer.
>
> Any claim for loss sustained by any client or customer and covered by this policy may only be made by you in your Proof of Loss. No third party has a direct right against this insurance and no third party may make a direct claim against us as the writer of your insurance.

7. Paragraph D and E of the Employee Dishonesty Coverage Addendum to Policy 1 stated:

### D. LIMIT OF INSURANCE

The most we will pay for each Occurrence of loss under this Endorsement is the Employee Dishonesty Limit of Insurance stated in the Declarations.

The Additional Coverages are included in this Limit of Insurance.

### E. OCCURRENCE DEFINITION

As used in this Endorsement, Occurrence means all loss caused by, or involving, one or more "employees", whether the result of a single act or series of acts.

8. The basic limit of insurance for employee dishonesty under Policy 1 was Twenty Thousand Dollars ($20,000).

9. An additional limit of insurance for employee dishonesty of Twenty-Five Thousand Dollars ($25,000) was provided in the Super Stretch Endorsement for Employee Dishonesty under Policy 1.

10. The total limit of insurance under Policy 1 was Forty-Five Thousand Dollars ($45,000).

11. At all time during the duration of Policy 1, MDB timely paid all the assessed premium to encompass for these coverages and was not in default of any of its obligations under Policy 1.

12. During the term of Policy 1, MDB sustained a loss as a result of dishonest acts by its employee, Marilyn Essex, while she was employed as the company's bookkeeper.

13. The employee committed separate acts of defalcation during the term of

Policy 1 by forging checks from the accounts of MDB at Bank of America (formerly NationsBank, N.A.) paid for her benefit to third parties.

14. These occurrences resulted in losses to MDB of approximately $103,477.09 during the term of Policy 1.

15. On or about March 16, 2005, MDB gave Hartford written notice of claims under Policy 1.

16. Thereafter, MDB filed with Hartford a Proof of Loss Form for losses sustained under Policy 1.

17. Hartford has refused to indemnify, reimburse, or pay MDB for its losses under Policy 1's total limits of Forty-Five Thousand Dollars ($45,000).

18. Policy 1 provided coverage for this occurrence and these losses.

19. Hartford breached Policy 1 by failing and refusing to pay the total limits for the losses sustained by MDB from employee dishonesty.

20. MDB suffered damages proximately related to the breach of the terms in Policy 1 by Hartford.

### COUNT 2
(Breach of Contract)

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though set forth fully herein.

22. MDB and Hartford entered into a second contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 2") for indemnification of MDB for losses arising, *inter alia*, from employee dishonesty. The term of Policy 2 was July 28, 2004 until July 28, 2005.

23. Paragraph A.3b of the Employee Dishonesty Coverage Addendum to Policy 2 stated:

> **b. Employees at Client or Customer Premises**
>
> We will pay for any loss caused by your "employee" while at the premises of your client or customer.
>
> Any claim for loss sustained by any client or customer and covered by this policy may only be made by you in your Proof of Loss. No third party has a direct right against this insurance and no third party may make a direct claim against us as the writer of your insurance.

24. Paragraph D and E of the Employee Dishonesty Coverage Addendum to Policy 2 stated:

> **D. LIMIT OF INSURANCE**
>
> The most we will pay for each Occurrence of loss under this Endorsement is the Employee Dishonesty Limit of Insurance stated in the Declarations.
>
> The Additional Coverages are included in this Limit of Insurance.
>
> **E. OCCURRENCE DEFINITION**
>
> As used in this Endorsement, Occurrence means all loss caused by, or involving, one or more "employees", whether the result of a single act or series of acts.

25. The basic limit of insurance for employee dishonesty under Policy 2 was Twenty Thousand Dollars ($20,000).

26. An additional limit of insurance for employee dishonesty of Twenty-Five Thousand Dollars ($25,000) was provided in the Super Stretch Endorsement for Employee Dishonesty under Policy 2.

27. The total limit of insurance under Policy 2 was Forty-Five Thousand Dollars ($45,000).

28. At all time during the duration of Policy 2, MDB timely paid all the assessed premium to encompass for these coverages and was not in default of any of its obligations under Policy 2.

29. During the term of Policy 2, MDB sustained a loss as a result of dishonest acts by its employee, Marilyn Essex, while she was employed as the company's bookkeeper.

30. The employee committed separate acts of defalcation during the term of Policy 2 by forging checks from the accounts of MDB at Bank of America (formerly NationsBank, N.A.) paid for her benefit to third parties.

31. These occurrences resulted in losses to MDB of approximately $76,882.62 during Policy 2.

32. On or about March 16, 2005, MDB gave Hartford written notice of claims under Policy 2.

33. Thereafter, MDB filed with Hartford a Proof of Loss Form for losses sustained under Policy 2.

34. Hartford has refused to indemnify, reimburse, or pay MDB for its losses under Policy 2's total limits of Forty-Five Thousand Dollars ($45,000).

35. Policy 2 provided coverage for this occurrence and these losses.

36. Hartford breached Policy 2 by failing and refusing to pay the total limits for the losses sustained by MDB from employee dishonesty.

37. MDB suffered damages proximately related to the breach of the terms in Policy 2 by Hartford.

**PRAYERS FOR RELIEF**

WHEREFORE, MDB prays for the following relief:

1. Count 1: Judgment against Hartford Casualty Insurance Company in the amount of Forty-five Thousand Dollars ($45,000);

2. Count 2: Judgment against Hartford Casualty Insurance Company in the amount of Forty-five Thousand Dollars ($45,000);

3. Judgment for its costs incurred herein; and

4. Such other and further relief as the Court deems just and equitable under the circumstances and facts.

PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG,
EIG & COOPER, CHTD.

By: /s/ Roy Niedermayer
Roy Niedermayer, Esq. #180380

4800 Hampden Lane, 7th Floor
Bethesda, MD 20814
Telephone: (301) 951-4456

Attorney for Plaintiff