IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MDB COMMUNICATIONS, INC., | * |
| | * |
| Plaintiff, | * |
| | *   Civil Case No.:_____ |
| v. | * |
| | * |
| HARTFORD CASUALTY INSURANCE | * |
| COMPANY, | * |
| | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, The Hartford Casualty Insurance Company ("Hartford"), by and through its undersigned counsel, answers Plaintiff's Complaint and states:

1.    Upon information and belief, Defendant admits the allegations in Paragraph 1 of Plaintiff's Complaint.

2.    Defendant admits that Hartford issues insurance policies offering a variety of coverages within the District of Columbia and that it was doing so in the time period relevant to allegations in Plaintiff's Complaint. Defendant denies the balance of allegations in Paragraph 2 of Plaintiff's Complaint.

3.    Paragraph 3 of Plaintiff's Complaint contains only conclusions of law based upon the District of Columbia Code to which no response is required.

4.    Paragraph 4 of Plaintiff's Complaint contains only conclusions of law based upon the District of Columbia Code to which no response is required.

**Answer to Count I of Plaintiff's Complaint**

5. Defendant admits that it issued Policy No. 42SBAEV9713DV with a policy period of July 28, 2003 to July 28, 2004 to Plaintiff. Defendant otherwise denies the balance of allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that Plaintiff timely paid its premiums due under the policy but otherwise denies the balance of the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant lacks sufficient knowledge and information upon which to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant lacks sufficient knowledge and information upon which to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant lacks sufficient knowledge and information upon which to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant admits the allegations contained in Paragraph 16 of Plaintiff's Complaint; a Proof of Loss form was submitted on or about April 12, 2005. <u>Exhibit 1</u>, Proof of Loss Form.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant lacks sufficient knowledge and information upon which to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint and asserts that policy speaks for itself in regards to any coverage it provides.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

### Answer to Count II of Plaintiff's Complaint

21. Defendant incorporates its answer to Paragraphs 1-20 of Plaintiff's Complaint.

22. Defendant admits that it renewed Policy No. 42SBAEV9713DV with a policy period of July 28, 2004 to July 28, 2005 to Plaintiff. Defendant otherwise denies the balance of allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant admits the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant admits that Plaintiff timely paid its premiums due under the policy but otherwise denies the balance of the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendant lacks sufficient knowledge and information upon which to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant lacks sufficient knowledge and information upon which to admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant lacks sufficient knowledge and information upon which to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant admits the allegations contained in Paragraph 33 of Plaintiff's Complaint; a Proof of Loss form was submitted on or about April 12, 2005. Exhibit 2, Proof of Loss Form.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant lacks sufficient knowledge and information upon which to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Complaint and asserts that policy speaks for itself in regards to any coverage it provides.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

WHEREFORE, Defendant Hartford Casualty Insurance Company, demands judgment against Plaintiff in its favor and such other and further relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's suit is barred by its failure to comply with its obligations under the insurance policy.

3. Plaintiff's recovery here is barred and/or limited by its prior recovery of funds in excess of the relevant policy limits from its former employee and subsequent failure to apply them to its alleged losses in the instant case.

4. Defendant reserves the right to assert other defenses to this claim which become known to it during the course of discovery in this matter.

Respectfully submitted,

GEORGE E. REEDE, JR., Bar No. 43062
Niles, Barton & Wilmer, LLP
111 S. Calvert St., Suite 1400
Baltimore, MD 21202
Telephone: (410)783-6300
Fax: (410)783-6410
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October 2005, a copy of the foregoing Answer to Plaintiff's Complaint was mailed, first class, postage prepaid, to:

Roy I. Niedermayer, Esquire
Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chtd.
4800 Hampden Ln., 7th Floor
Bethesda, MD  20814
*Attorney for Plaintiff*

_____
GEORGE E. REEDE, JR., Bar No. 43062