## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MDB COMMUNICATIONS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-CV-02131-PLF |
| | ) |
| HARTFORD CASUALTY INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

**PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF
DOCUMENTS AND OTHER MATERIALS**

This matter having come before the Court on the Joint Consent Motion of the parties for a protective order pursuant to Fed.R.Civ. P 26(c), it is this _____ day of _____, 2006

ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Confidential Information" as used herein, means any information of any type, kind or character which is designated as "Confidential" or "For Counsel Only" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. In designating information as "Confidential" or "For Counsel Only, a party will make such designation only as to that information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be Confidential.

3. "Qualified Persons" as used herein, means

   (a) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation.

   (b) Actual or potential independent technical experts or consultants who have agreed to be bound by this Protective Order, but such declaration need not be served on opposing counsel for consulting experts or other consultants who will not be called as

witnesses at trial. This order shall apply to consulting experts and consultants not called as witnesses in all other respects except disclosure to the other party.

(c) In-house corporate officer(s) or employee(s) of a corporate party who has agreed to abide by the terms of this Protective Order.

(d) Any other person may be designated as a Qualified Person by a parties; or by order of this Court after notice and hearing to all parties. The designation of a persons designated by a party as a Qualified Person may be challenged by motion before the Court.

(e) The Judge, law clerks, and other personnel working in chambers.

4. Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" information by marking every page (or, at a minimum, the first page) of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only, " by marking the containers for such documents, or my describing the Documents designated in writing.

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this order.

Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" by notifying all of the parties in writing within 30 days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control. All deposition transcripts shall be treated as "For Counsel Only" for a period of 30 days after the receipt of the transcript.

To the extent practical, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only", with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" or "For Counsel Only" information shall have page numbers that correspond to the blank pages in the main transcript.

6. (a) "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" shall be restricted in circulation to Qualified Persons described in

Paragraphs 3(a), (b) and (e) above.

       (b)    Information designated as "For Counsel Only" provided to a receiving party shall be maintained in the offices of the following outside counsel:

| | |
|---|---|
| for Plaintiff: | Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chtd.; and |
| for Defendant: | Niles, Barton & Wilmer LLP |

Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3(b) above, shall be maintained only at the office of such Qualified Persons and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

       7.    Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number (or by other means by which the document can reasonably be identified) within 20 days of the entry of this order (but no later than three days prior to any scheduled hearing wherein the transcript might be used or relied upon). Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected shall be treated as "Confidential" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" by the producing party.

       8.    Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "For Counsel Only" consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the "Confidential" or "For Counsel Only" information, irrespective of which party produced such information.

       9.    A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only", or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only". The

designating party shall be required to move the Court for an order preserving the designated status of such information within 14 days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item. The designating party shall have the burden of justifying confidentiality in his motion.

The parties may, by stipulation, provide for exceptions to this order, and any party may seek an order of this Court modifying this Protective Order.

10. It is the intention of the parties that the definition of Confidential documents be consistent with that contained in Fed. R. Civ. P. 26(c). Nothing shall be designated as "For Counsel Only" information except information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical, personal or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "For Counsel Only" information if it is information that either:

(a) is in the public domain at the time of disclosure, as evidenced by a written document or equivalent;

(b) becomes part of the public domain through no fault of the other party, as evidenced by a written document or equivalent;

(c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure or equivalent; or

(d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11. In the event a party wishes to use any "Confidential" or "For Counsel Only" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" information used therein shall be filed in two versions with the Court. A version shall be filed under seal with the Court ("sealed version) in its original form without alteration. A public version ("public version") shall be filed for the public record with redactions of all confidential portions. The sealed version documents shall be maintained under seal by the Court, in an envelope provided by the party filing the documents which bears a legend stating the following (or a substantially similar) legend: This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of "Confidential" and "For Counsel Only" information. These sealed materials so filed shall be maintained by the Clerk of the Court. The Clerk of Court shall keep the public version available for general inspection by the public in the Court files.

12. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

13.     Within 120 days after conclusion of this litigation and any final appeal thereof, any documents and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraphs 3(a) through (e) shall be returned to the producing party (or, at the Clerk's discretion, the documents may be destroyed), except as this Court may otherwise order or to the extent such information was used as evidence at the trial.  As far as the provisions of any Protective Orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such Protective Orders.

14.     This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "For Counsel Only" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

15.     Any party designating any person as a Qualified Person shall have the duty to reasonably assure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

16.     If any person, entity, court or any administrative agency subpoenas or orders the production or designation of confidential documents that a party has obtained under the terms of this Order, such party shall promptly notify the subpoenaing third party that the documents are subject to a Protective Order, and shall notify the party or person who designated the materials as confidential of the pendency of such subpoena or order.

18.     Nothing in this order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

_____
Paul L. Friedman
United States District Court Judge