IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MDB COMMUNICATIONS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-CV-02131-PLF |
| | ) |
| HARTFORD CASUALTY INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO CONSOLIDATE CASES**

Plaintiff, MDB Communications, Inc., by and through its counsel, Roy I. Niedermayer and Paley, Rothman, Goldstein, Rosenberg, Eig and Cooper, Chartered, submits this Memorandum of Points and Authorities In Support of its Motion for Leave to File First Amended Complaint or, in the alternative, to Consolidate Cases and states as follows:

**A.   STATEMENT OF THE CASE**

1. This case involves a contract of casualty insurance identified as Policy Number 42 SBA EV9713 DV between MDB Communications, Inc. ("MDB") and Hartford Casualty Insurance Company ("Hartford"). The Policy provides coverage, *inter alia,* for acts of employee dishonesty and forgery. Beginning in 1999, MDB sustained losses as a result of dishonest acts by its employee, Marilyn Essex, while she was employed as the company's bookkeeper. The employee committed repeated acts of defalcation from 1999 to 2005. The employee withdrew funds from the accounts of MDB and had money from MDB account number 002086828654 at Bank of America (formerly known in this area as NationsBank, NA) transferred to her individual accounts or paid for her benefit to third parties. These occurrences resulted in losses to MDB of approximately $658,000. MDB discovered Ms. Essex's actions on or about February 7, 2005.

2. On March 16, 2005, MDB gave written notice to Hartford of its claims under Policy Number 42 SBA EV9713 DV for the Policy Periods of (1) July 28, 2003 to July 28, 2004 and (2) July 28, 2004 to July 28, 2005. MDB made a total claim in the amount of $90,000.00 pursuant to its understanding of the coverage limits.

3. On October 7, 2005, MDB filed a two count Complaint for breach of contract in the Superior Court of the District of Columbia for Hartford's failure to pay pursuant to the contract.

4. Hartford later removed the action to this Court.

5. Plaintiff has determined the coverage limits for its original claims is $140,000 not $90,000 and seeks to amend its Counts I and II accordingly ("Amended Claims A")

6. MDB also moves to amend its pleading to include claims for employee dishonesty and forgery under additional policies with Hartford covering acts for periods from July 28, 1999 to July 28, 2000; from July 28, 2000 to July 28, 2001; from July 28, 2001 to July 28, 2002; and from July 28, 2002 to July 28, 2003 ("Amend Claims B").

7. Concurrently with this Motion, MDB filed a separate action in this Court against Hartford on March 31, 2006, for breach of contract for claims arising under Policy Number 42 SBA EV9713 DV for the Policy Periods from July 28, 1999 to July 28, 2000; from July 28, 2000 to July 28, 2001; from July 28, 2001 to July 28, 2002; and from July 28, 2002 to July 28, 2003. That case is pending before this Court.

**B.   ARGUMENT**

Fed. R. Civ. P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Although the ability to amend requires Court approval, this Court should freely grant leave to amend when justice requires it "absent a substantial reason to deny." 3 Moore's Federal Practice 3d §15.14[1]. The intent and judicial construction of

Rule 15(a) is dominated by "a liberal, pro-amendment ethos." *Id*. The Court should be guided by the underlying purpose of allowing amendments, namely, facilitating a decision on the merits. *Id*. In particular, leave to amend should be granted where there is no prejudice to the opposing party or parties. *See Russo v. Abington Memorial Hosp.*, 881 F.Supp. 177, 182-83 (E.D.Pa. 1995) (granting leave to amend to file cross-claim where there would be no prejudice).

As in *Russo*, the request for leave to file an amended complaint in this case poses no threat of prejudice to defendant. Policy Number 42 SBA EV9713 DV provided MDB with insurance coverage for acts of employee dishonesty and forgery. In the original complaint, MDB brought claims under the Policy Periods of July 28, 2003 to July 28, 2004 and July 28, 2004 to July 28, 2005. Amended claims A simply increase the amount of the prayer for relief and other conforming allegations. They make no substantive changes to the issues or facts.

Amended Claims B are based on the same facts and the same types of insurance contracts with the same insurer for the same claims and coverages as those in the original complaint. MDB's bookkeeper committed acts of employee dishonesty and forgery from 1999 to 2005. Recently, MDB discovered that earlier versions of Policy Number 42 SBA EV9713 DV also provided coverage for the Policy Periods of July 28, 1999 to July 28, 2000; July 28, 2000 to July 28, 2001; July 28, 2001 to July 28, 2002; and July 28, 2002 to July 28, 2003.

In discovery, MDB provided defendant with identification and documentary support for all of the 1999-2005 losses sustained by MDB. Indeed, MDB has provided Hartford with every one of the forged checks from 1999 to present. Similarly, MDB provided defendant with all of the information regarding all sources and amounts recovered from

Essex which reduce any loss. There is no other information regarding the nature, origin, amount of the claim or credits.

The amended claims do not alter the nature or scheduling of this case. There is no danger of surprise or prejudice to defendant stemming from the amendments. Hartford has all of the facts relevant and related to the dishonest acts, credits, and insurance contracts. Plaintiff has already produced all relevant documents in its possession on Amended Claims A and B. Plaintiff has provided copies of the new policies to Hartford. These matters were fully inquired into in the deposition of MDB. To the extent required, plaintiff is prepared to promptly provide any additional documents identified by defendant. Plaintiff does not request a change in the scheduling order.

Plaintiff has contemporaneously filed a separate suit alleging the same claims as those raised in Amended Claims B. In the event that this Court does not grant Plaintiff's leave to amend, resolution of those claims will be expedited and judicial resources will be saved if this Court consolidated the cases. They are based on similar contracts and arise out of similar facts and legal questions as described above.

### III.  CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff MDB Communications requests

a.  Leave of this Court to file its First Amended Complaint;

b.  In the alternative, an order consolidating this case with *MDB Communications, Inc. v. Hartford Casualty Insurance Co.* filed in this Court on March 31, 2006; and

    c.    Any such further relief that justice may require.

        PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG,
EIG & COOPER, CHTD.

By:_____
  Roy Niedermayer, Esq. #180380

4800 Hampden Lane, 7th Floor
Bethesda, MD 20814
Telephone: (301) 951-4456
Attorney for Plaintiff