**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MDB COMMUNICATIONS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-CV-02131-PLF |
| | ) |
| HARTFORD CASUALTY INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

**AMENDED COMPLAINT FOR DAMAGES**

Plaintiff, MDB Communications, Inc., by Roy I. Niedermayer and Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chartered, its attorneys, sues Hartford Casualty Insurance Company for monetary damages as follows:

**JURISDICTION; PARTIES**

1.      MDB Communications, Inc. ("MDB") is a corporation that provides advertising and marketing services to a wide array of clients.  Its principal place of business  is 1050 17th Street, NW, Suite 500, Washington, D.C. 20036.  At all times relevant to these allegations, it was doing business in, is incorporated by, and is a citizen of the District of Columbia and derives substantial revenues from its business activities in the District of Columbia.

2.      Hartford Casualty Insurance Company ("Hartford") is a corporation in the business of providing insurance policies and coverage in the District of Columbia.   At all times relevant to these allegations, it was doing business in the District of Columbia and derives substantial revenues from its business activities in the District of Columbia.

It incorporated by and a citizen of Connecticut.

3.      This Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. §   and venue is proper in this district.

**CLAIMS**

**COUNT 1**
(Breach of Contract)

4.      MDB and Hartford entered into a contract of casualty insurance identified

as Policy No. 42 SBA EV9713 DV ("Policy 1") for indemnification of MDB for losses

arising, *inter alia*, from employee dishonesty and forgery.  The term of Policy 1 was July

28, 2003 until July 28, 2004.

5.      Paragraph A.3b of the Employee Dishonesty Coverage Addendum to

Policy 1 stated:

**b.  Employees at Client or Customer Premises**

We will pay for any loss caused by your "employee" while at the premises of your client or customer.

Any claim for loss sustained by any client or customer and covered by this policy may only be made by you in your Proof of Loss.  No third party has a direct right against this insurance and no third party may make a direct claim against us as the writer of your insurance.

6.      Paragraph D and E of the Employee Dishonesty Coverage Addendum to

Policy 1 stated:

**D.  LIMIT OF INSURANCE**

The most we will pay for each Occurrence of loss under this Endorsement is the Employee Dishonesty Limit of Insurance stated in the Declarations.

The Additional Coverages are included in this Limit of Insurance.

**E.  OCCURRENCE DEFINITION**

As used in this Endorsement, Occurrence means all loss caused by, or involving, one or more "employees", whether the result of a single act or series of acts.

7.  The basic limit of insurance for employee dishonesty under Policy 1 was Twenty Thousand Dollars ($20,000).

8.  An additional limit of insurance for employee dishonesty of Twenty-Five Thousand Dollars ($25,000) was provided in the Super Stretch Endorsement for Employee Dishonesty under Policy 1.

9.  An additional limit of insurance for forgery of Twenty-Five Thousand Dollars ($25,000) was provided in the Super Stretch Endorsement for Forgery under Policy 1.

10.  The total limit of insurance under Policy 1 was Seventy Thousand Dollars ($70,000).

11.  At all times during the duration of Policy 1, MDB timely paid all the assessed premium to encompass for these coverages and was not in default of any of its obligations under Policy 1.

12.  During the term of Policy 1, MDB sustained a loss as a result of dishonest acts and forgery by its employee, Marilyn Essex, while she was employed as the company's bookkeeper.

13.  The employee committed separate acts of defalcation during the term of Policy 1 by forging checks from the accounts of MDB at Bank of America (formerly NationsBank, N.A.) paid for her benefit to third parties.

14.    These occurrences resulted in unrecovered losses to MDB of approximately $153,857.47 during the term of Policy 1.

15.    On or about March 16, 2005, MDB gave Hartford written notice of claims under Policy 1.

16.    Thereafter, MDB filed with Hartford a Proof of Loss Form for losses sustained under Policy 1.

17.    Hartford has refused to indemnify, reimburse, or pay MDB for its losses under Policy 1's total limits of  Seventy Thousand Dollars ($70,000).

18.    Policy 1 provided coverage for this occurrence and these losses.

19.    Hartford breached Policy 1 by failing and refusing to pay the total limits for the losses sustained by MDB from employee dishonesty and forgery.

20.    MDB suffered damages proximately related to the breach of the terms in Policy 1 by Hartford.

### COUNT 2
(Breach of Contract)

21.    MDB and Hartford entered into a second contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 2") for indemnification of MDB for losses arising, *inter alia*, from employee dishonesty and forgery.  The term of Policy 2 was July 28, 2004 until July 28, 2005.

22.    Paragraph A.3b of the Employee Dishonesty Coverage Addendum to Policy 2 stated:

### b.  Employees at Client or Customer Premises

We will pay for any loss caused by your "employee" while at the premises of your client or customer.

-4-

Any claim for loss sustained by any client or customer and covered by this policy may only be made by you in your Proof of Loss. No third party has a direct right against this insurance and no third party may make a direct claim against us as the writer of your insurance.

23.     Paragraph D and E of the Employee Dishonesty Coverage Addendum to Policy 2 stated:

### D. LIMIT OF INSURANCE

The most we will pay for each Occurrence of loss under this Endorsement is the Employee Dishonesty Limit of Insurance stated in the Declarations.

The Additional Coverages are included in this Limit of Insurance.

### E. OCCURRENCE DEFINITION

As used in this Endorsement, Occurrence means all loss caused by, or involving, one or more "employees", whether the result of a single act or series of acts.

24.     The basic limit of insurance for employee dishonesty under Policy 2 was Twenty Thousand Dollars ($20,000).

25.     An additional limit of insurance for employee dishonesty of Twenty-Five Thousand Dollars ($25,000) was provided in the Super Stretch Endorsement for Employee Dishonesty under Policy.

26.     An additional limit of insurance for forgery of Twenty-Five Thousand Dollars ($25,000) was provided in the Super Stretch Endorsement for Forgery under Policy 2.

27.     The total limit of insurance under Policy 2 was Seventy Thousand Dollars ($70,000).

28.     At all times during the duration of Policy 2, MDB timely paid all the

-5-

assessed premium to encompass for these coverages and was not in default of any of its obligations under Policy 2.

29.     During the term of Policy 2, MDB sustained a loss as a result of dishonest acts and forgery by its employee, Marilyn Essex, while she was employed as the company's bookkeeper.

30.     The employee committed separate acts of defalcation during the term of Policy 2 by forging checks from the accounts of MDB at Bank of America (formerly NationsBank, N.A.) paid for her benefit to third parties.

31.     These occurrences resulted in unrecovered losses to MDB of approximately $76,882.62 during Policy 2.

32.     On or about March 16, 2005, MDB gave Hartford written notice of claims under Policy 2.

33.     Thereafter, MDB filed with Hartford a Proof of Loss Form for losses sustained under Policy 2.

34.     Hartford has refused to indemnify, reimburse, or pay MDB for its losses under Policy 2's total limits of Seventy Thousand Dollars ($70,000).

35.     Policy 2 provided coverage for this occurrence and these losses.

36.     Hartford breached Policy 2 by failing and refusing to pay the total limits for the losses sustained by MDB from employee dishonesty and forgery.

37.     MDB suffered damages proximately related to the breach of the terms in Policy 2 by Hartford.

**COUNT 3**
(Breach of Contract)

38.    MDB and Hartford entered into a third contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 3") for indemnification of MDB for losses arising, *inter alia*, from employee dishonesty and forgery.  The term of Policy 3 was July 28, 2002 until July 28, 2003.

39.    Paragraph A.6 of the Super Stretch Coverage to Policy 3 provided defendant would pay up to $25,000 as limit of insurance to cover loss from employee dishonesty.

40.    An additional limit of insurance for forgery of Twenty-Five Thousand Dollars ($25,000) was provided in the Super Stretch Coverage for Forgery under Policy 3.

41.    The total limit of insurance under Policy 3 was Fifty Thousand Dollars ($50,000).

42.    At all times during the duration of Policy 3, MDB timely paid all the assessed premium to encompass for these coverages and was not in default of any of its obligations under Policy 3.

43.    During the term of Policy 3, MDB sustained a loss as a result of dishonest acts and forgery by its employee, Marilyn Essex, while she was employed as the company's bookkeeper.

44.    The employee committed separate acts of defalcation during the term of Policy 3 by forging checks from the accounts of MDB at Bank of America (formerly NationsBank, N.A.) paid for her benefit to third parties.

45.    These occurrences resulted in unrecovered losses to MDB during Policy 3.

46.    MDB gave Hartford written notice of claims under Policy 3 and thereafter, MDB filed with Hartford a Proof of Loss Form for losses sustained under Policy 3.

47.    Hartford has refused to indemnify, reimburse, or pay MDB for its losses under Policy 3's total limits of Fifty Thousand Dollars ($50,000).

48.    Policy 3 provided coverage for this occurrence and these losses.

49.    Hartford breached Policy 3 by failing and refusing to pay the total limits for the losses sustained by MDB from employee dishonesty and forgery.

50.    MDB suffered damages proximately related to the breach of the terms in Policy 3 by Hartford.

### COUNT 4
(Breach of Contract)

51.    MDB and Hartford entered into a fourth contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 4") for indemnification of MDB for losses arising, *inter alia*, from employee dishonesty and forgery.  The term of Policy 4 was July 28, 2001 until July 28, 2002.

52.    Paragraph A.6 of the Super Stretch Coverage to Policy 4 provided defendant would pay up to $25,000 as limit of insurance to cover loss from employee dishonesty.

53.    An additional limit of insurance for forgery of Twenty-Five Thousand Dollars ($25,000) was provided in the Super Stretch Coverage for Forgery under Policy 4.

54.    The total limit of insurance under Policy 4 was Fifty Thousand Dollars ($50,000).

55.    At all times during the duration of Policy 4, MDB timely paid all the assessed premium to encompass for these coverages and was not in default of any of its obligations under Policy 4.

56.    During the term of Policy 4, MDB sustained a loss as a result of dishonest acts and forgery by its employee, Marilyn Essex, while she was employed as the company's bookkeeper.

57.    The employee committed separate acts of defalcation during the term of Policy 4 by forging checks from the accounts of MDB at Bank of America (formerly NationsBank, N.A.) paid for her benefit to third parties.

58.    These occurrences resulted in unrecovered losses to MDB.

59.    MDB gave Hartford written notice of claims under Policy 4 and thereafter, MDB filed with Hartford a Proof of Loss Form for losses sustained under Policy 4.

60.    Hartford has refused to indemnify, reimburse, or pay MDB for its losses under Policy 4's total limits of Fifty Thousand Dollars ($50,000).

61.    Policy 4 provided coverage for this occurrence and these losses.

62.    Hartford breached Policy 4 by failing and refusing to pay the total limits for the losses sustained by MDB from employee dishonesty and forgery.

63.    MDB suffered damages proximately related to the breach of the terms in Policy 4 by Hartford.

**COUNT 5**
(Breach of Contract)

64.     MDB and Hartford entered into a fifth contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 5") for indemnification of MDB for losses arising, *inter alia*, from employee dishonesty and forgery.  The term of Policy 5 was July 28, 2000 until July 28, 2001.

65.     Paragraph A.6 of the Super Stretch Coverage to Policy 5 provided defendant would pay up to $25,000 as limit of insurance to cover loss from employee dishonesty.

66.     An additional limit of insurance for forgery of Twenty-Five Thousand Dollars ($25,000) was provided in the Super Stretch Coverage for Forgery under Policy 5.

67.     The total limit of insurance under Policy 5 was Fifty Thousand Dollars ($50,000).

68.     At all times during the duration of Policy 5, MDB timely paid all the assessed premium to encompass for these coverages and was not in default of any of its obligations under Policy 5.

69.     During the term of Policy 5, MDB sustained a loss as a result of dishonest acts and forgery by its employee, Marilyn Essex, while she was employed as the company's bookkeeper.

70.     The employee committed separate acts of defalcation during the term of Policy 5 by forging checks from the accounts of MDB at Bank of America (formerly

NationsBank, N.A.) paid for her benefit to third parties.

71.    These occurrences resulted in unrecovered losses to MDB.

72.    MDB gave Hartford written notice of claims under Policy 5 and thereafter, MDB filed with Hartford a Proof of Loss Form for losses sustained under Policy 5.

73.    Hartford has refused to indemnify, reimburse, or pay MDB for its losses under Policy 5's total limits of Fifty Thousand Dollars ($50,000).

74.    Policy 5 provided coverage for this occurrence and these losses.

75.    Hartford breached Policy 5 by failing and refusing to pay the total limits for the losses sustained by MDB from employee dishonesty and forgery.

76.    MDB suffered damages proximately related to the breach of the terms in Policy 5 by Hartford.

## COUNT 6
### (Breach of Contract)

77.    MDB and Hartford entered into a sixth contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 6") for indemnification of MDB for losses arising, *inter alia*, from employee dishonesty and forgery.  The term of Policy 6 was July 28, 1999 until July 28, 2000.

78.    Paragraph A.6 of the Super Stretch Coverage to Policy 6 provided defendant would pay up to Ten Thousand Dollars ($10,000)  as limit of insurance to cover loss from employee dishonesty.

79.    An additional limit of insurance for forgery of Ten Thousand Dollars ($10,000) was provided in the Super Stretch Coverage for Forgery under Policy 6.

80.    The total limit of insurance under Policy 6 was Twenty Thousand Dollars

($20,000) .

81.    At all times during the duration of Policy 6, MDB timely paid all the assessed premium to encompass for these coverages and was not in default of any of its obligations under Policy 6.

82.    During the term of Policy 6, MDB sustained a loss as a result of dishonest acts and forgery by its employee, Marilyn Essex, while she was employed as the company's bookkeeper.

83.    The employee committed separate acts of defalcation during the term of Policy 6 by forging checks from the accounts of MDB at Bank of America (formerly NationsBank, N.A.) paid for her benefit to third parties.

84.    These occurrences resulted in unrecovered losses to MDB.

85.    MDB gave Hartford written notice of claims under Policy 6 and thereafter, MDB filed with Hartford a Proof of Loss Form for losses sustained under Policy 6.

86.    Hartford has refused to indemnify, reimburse, or pay MDB for its losses under Policy 6's total limits of Fifty Thousand Dollars ($20,000).

87.    Policy 6 provided coverage for this occurrence and these losses.

88.    Hartford breached Policy 6 by failing and refusing to pay the total limits for the losses sustained by MDB from employee dishonesty and forgery.

89.    MDB suffered damages proximately related to the breach of the terms in Policy 6 by Hartford.

**PRAYERS FOR RELIEF**

WHEREFORE, MDB prays for the following relief:

1.      Count 1: Judgment against Hartford Casualty Insurance Company in the amount of Seventy Thousand Dollars ($70,000);

2.      Count 2: Judgment against Hartford Casualty Insurance Company in the amount of Seventy Thousand Dollars ($70,000);

3.      Count 3: Judgment against Hartford Casualty Insurance Company in the amount of Seventy Thousand Dollars ($50,000);

4.      Count 4: Judgment against Hartford Casualty Insurance Company in the amount of Fifty Thousand Dollars ($50,000);

5.      Count 5: Judgment against Hartford Casualty Insurance Company in the amount of Fifty Thousand Dollars ($50,000);

6.      Count 6: Judgment against Hartford Casualty Insurance Company in the amount of Twenty Thousand Dollars ($20,000);

7.      Judgment for its costs incurred herein; and

8.      Such other and further relief as the Court deems just and equitable under the circumstances and facts.

PALEY, ROTHMAN, GOLDSTEIN,
ROSENBERG EIG & COOPER, CHTD.


By:_____
    Roy Niedermayer, Esq. #180380

4800 Hampden Lane, 7th Floor
Bethesda, MD 20814
Telephone: (301) 951-4456

Attorney for Plaintiff

-13-