IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MDB COMMUNICATIONS, INC., | * |
| Plaintiff, | * |
| | * Civil Case No.: <u>05-CV-02131-PLF</u> |
| v. | * |
| HARTFORD CASUALTY INSURANCE COMPANY, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## <u>DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT</u>

Pursuant to Fed. R. Civ. P. 56, Defendant Hartford Casualty Insurance Company ("Hartford"), through its counsel, moves for summary judgment and states:

1. Marilyn Essex ("Essex"), while employed as Plaintiff MDB Communications, Inc.'s ("MDB") bookkeeper from 1998-2005, used her access to Plaintiff's books and financial records to divert Plaintiff's funds for her own use via means of forged checks. According to the Complaint, Essex embezzled at total of $130,477.09 from July 28, 2003 to July 28, 2004; and $76,882.62 from July 28, 2004 to July 28, 2005; for a total of $180,359.71 over the two year period.

2. Hartford provided a commercial package of insurance under Policy No. 42 SBA EV9713 DV to Plaintiff for the two relevant policy periods running from July 28, 2003 to July 28, 2004 and July 28, 2004 to July 28, 2005. *Exhibit A, Certified copy of Hartford's insurance policy*. The Hartford policy extended a total of $45,000 in employee dishonesty coverage per policy year.

3. Plaintiff discovered Ms. Essex's embezzlement activities on or about February 7, 2005 and elected to proceed on its own to investigate its losses and negotiate a settlement with Essex totaling more than $279,000.

4. By correspondence dated April 11, 2005, Plaintiff submitted two proofs of loss to Hartford, one for each of the relevant policy periods, claiming a total loss of $207,359.71 over the two year period. *Exhibit B*. These proofs of loss also noted that Plaintiff had already received monies in restitution from Ms. Essex, but applied these funds to the alleged embezzlement of funds prior to July 28, 2003. While MDB submitted some documentation relating to its agreement with Essex it failed to submit any documentation that it incurred any loss occurred prior to July 28, 2003. Nevertheless, Plaintiff requested that Hartford make a total payment of $90,000, i.e., $45,000 for each of the two policy periods.

5. As the documentation MDB submitted actually demonstrated that it had already been compensated for its losses Hartford rejected Plaintiff's proofs of loss. *Exhibit C*. The Hartford simultaneously agreed to permit Plaintiff to submit new proofs of loss and/or documentation demonstrating that it had incurred a covered loss. No such documentation was submitted; instead, MDB opted to initiate the present litigation, alleging breach of the insurance contract.

6. As more fully explained in Hartford's Memorandum of Law, summary judgment is appropriate in Hartford's favor on two separate grounds:

(a). The policy requires full compliance with policy conditions before an insured can file suit. MDB's failure to submit documentation in support of its claim constituted a breach of policy conditions, and MDB cannot pursue the current litigation.

(b).    Plaintiff's decision to obtain compensation from its dishonest employee rather than Hartford effectively relieved Hartford of liability; MDB's agreement precludes Hartford from recovering any amounts otherwise owed under the policy.

WHEREFORE, Defendant Hartford Casualty Insurance Company requests that this Court grant summary judgment in its favor.

Respectfully submitted,

/s/
GEORGE E. REEDE, JR., Bar No. 43062
Niles, Barton & Wilmer, LLP
111 S. Calvert St., Suite 1400
Baltimore, MD  21202
Telephone: (410)783-6300
Fax: (410)783-6410
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of April 2006, a copy of the foregoing Defendant's Motion for Summary Judgment was served via electronic transmission and mail upon:

Roy I. Niedermayer, Esquire
Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chtd.
4800 Hampden Ln., 7th Floor
Bethesda, MD  20814
*Attorney for Plaintiff*

/s/
GEORGE E. REEDE, JR., Bar No. 43062