IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MDB COMMUNICATIONS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-CV-02131-PLF |
| | ) |
| HARTFORD CASUALTY INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff, MDB Communications, Inc., by and through its counsel, Roy I. Niedermayer and Paley, Rothman, Goldstein, Rosenberg, Eig and Cooper, Chartered, submits the following statements of material facts about which there is no genuine dispute in accordance with LCvR 7(h).

1.  MDB Communications, Inc. ("MDB") and Hartford Casualty Insurance Company ("Insurance Company") entered into a contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 1"). Hatch Aff. at ¶ 3.

2.  An authentic, genuine, and accurate copy of Policy 1 is attached in the Appendix to plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment. MDB Apx. 1-60.

3.  Policy 1 included indemnity coverage of MDB for losses arising from employee dishonesty under Employee Dishonesty Coverage Addendum and Super Stretch Endorsement for Employee Dishonesty. Hatch Aff. at ¶ 35; MDB Apx. 4, 46.

4.  The primary limits of coverage for employee dishonesty in Policy 1 under the Employee Dishonesty Coverage Addendum was $20,000 with additional limits of

coverage for employee dishonesty under the Super Stretch Endorsement for Employee Dishonesty of $25,000. Hatch Aff. at ¶ 6; MDB Apx. 4, 46.

5.      The term of Policy 1 was July 28, 2003 until July 28, 2004. Hatch Aff. at ¶ 7; MDB Apx. 5.

6.      MDB Communications, Inc. ("MDB") and Insurance Company entered into a contract of casualty insurance identified as Policy No. 42 SBA EV9713 DV ("Policy 2"). Hatch Aff. at ¶ 8.

7.      An authentic, genuine, and accurate copy of Policy 2 is attached in the Appendix to plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment. MDB Apx. 61-123.

8.      Policy 2 included indemnity coverage of MDB for losses arising from employee dishonesty under Employee Dishonesty Coverage Addendum and Super Stretch Endorsement for Employee Dishonesty. Hatch Aff. at ¶ 10; MDB Apx. 66, 105.

9.      The primary limits of coverage for employee dishonesty in Policy 2 under the Employee Dishonesty Coverage Addendum was $20,000 with additional limits of coverage for employee dishonesty under the Super Stretch Endorsement for Employee Dishonesty of $25,000. Hatch Aff. at ¶ 11; MDB Apx. 66, 105.

10.      The term of Policy 2 was July 28, 2004 until July 28, 2005. Hatch Aff. at ¶ 12; MDB Apx. 63.

11.      At all times during the policy terms of Policy 1 and Policy 2, MDB timely paid all the assessed premiums for these coverages and was not in default of any of its obligations under both policies. Hatch Aff. at ¶ 13.

12.      MDB hired Marilyn Essex ("Employee") May 3, 1999 as the Controller.

Hatch Aff. at ¶ 14.

13. Employee had no authority to sign or indorse checks or other negotiable instruments on behalf of MDB. Hatch Aff. at ¶ 15.

14. From 1999 through February 7, 2005, Employee prepared checks drawn on the bank accounts of MDB and forged the signature of authorized MDB signatories on these checks. Hatch Aff. at ¶ 17.

15. The forged checks were deposited in the bank accounts of Employee or paid to third parties for her benefit. Hatch Aff. at ¶ 18.

16. The acts of Employee were dishonest acts. MDB Apx. 48, 49, 107, 108.

17. During the period July 28, 1999 through July 28, 2000, MDB sustained losses in the amount of $79,219.51 as a proximate result of the dishonest acts of Employee. Hatch Aff. at ¶ 21.

18. During the period July 28, 2000 through July 28, 2001, MDB sustained losses in the amount of $102,230.72 as a proximate result of the dishonest acts and of Employee. Hatch Aff. at ¶ 22.

19. During the period July 28, 2001 through July 28, 2002, MDB sustained losses in the amount of $126,330.44 as a proximate result of the dishonest acts of Employee. Hatch Aff. at ¶ 23.

20. During the period July 28, 2002 through July 28, 2003, MDB sustained losses in the amount of $107,341.21 as a proximate result of the dishonest acts of Employee. Hatch Aff. at ¶ 24.

21. During the period July 28, 2003 through July 28, 2004, MDB sustained losses in the amount of $153,857.47 as a proximate result of the dishonest acts of

Employee.  Hatch Aff. at ¶ 25.

22.  During the period July 28, 2004 through February 7, 2005, MDB sustained losses in the amount of $76,882.62 as a proximate result of the dishonest acts of Employee.  Hatch Aff. at ¶ 26.

23.  From May 3, 1999 through February 7, 2005, MDB suffered a total loss of $645,861.97.  Hatch Aff. at ¶ 27.

24.  MDB suffered 23.82% of its total loss during the period July 28, 2003 through July 28, 2004.  Hatch Aff. at ¶ 29.

25.  MDB suffered 11.90% of its total loss during the period July 28, 2004 through July 28, 2005.  Hatch Aff. at ¶ 30.

26.  On or about March 11, 2005, MDB recovered the sum of $33,532.11 from Employee as restitution.  Hatch Aff. at ¶ 31.

27.  On or about May, 2005, MDB recovered the sum of $225,428.64 from Employee as restitution.  Hatch Aff. at ¶ 32.

28.  On or about July 26, 2005, MDB recovered the sum of $2,550.00 from Employee as restitution.  Hatch Aff. at ¶ 33.

29.  During 2005, MDB recovered an additional sum of $18,000 from Employee as restitution.  Hatch Aff. at ¶ 34.

30.  MDB recovered total restitution from Employee in the amount of $279,510.75.  Hatch Aff. at ¶ 35.

31.  MDB's unrecovered losses from the dishonest acts of Employee are $366,351.22.  Hatch Aff. at ¶ 36.

32.  During the term of Policy 1, MDB sustained actual losses from the

dishonest acts of Employee exceeding the limits of coverage of Policy 1 under the Employee Dishonesty Coverage Addendum and the Super Stretch Endorsement for Employee Dishonesty.  Hatch Aff. at ¶ 6, 25.

33. During the term of Policy 2, MDB sustained actual losses from the dishonest acts of Employee exceeding the limits of coverage of Policy 2 under the Employee Dishonesty Coverage Addendum and the Super Stretch Endorsement for Employee Dishonesty.  Hatch Aff. at ¶ 11, 26.

34. MDB provided Insurance Company with notices of these covered losses arising from the dishonest acts of Employee.  Hatch Aff. at ¶ 37.

35. MDB provided Insurance Company with Proofs of Loss Form for losses sustained under Policy 1.  Hatch Aff. at ¶ 38.

36. MDB provided Insurance Company with Proofs of Loss Form for losses sustained under Policy 2.  Hatch Aff. at ¶ 39.

37. Policy 1 provided coverage for MDB's losses from the dishonest acts of Employee.  MDB Apx. 4, 46, 48, 49.

38. Policy 2 provided coverage for MDB's losses from the dishonest acts of Employee.  MDB Apx. 66, 105, 107, 108.

39. Insurance Company has refused to pay for any losses under the terms of Policy 1.  Hatch Aff. at ¶ 40.

40. Insurance Company has refused to pay for any losses under the terms of Policy 2.  Hatch Aff. at ¶ 41.

41. From 1999 through July 28, 2005, MDB had continuous insurance coverage with Insurance Company for losses arising from employee dishonesty.  Hatch

Aff. at ¶ 42.

42. The total limits of coverage under MDB's policies with Insurance Company for employee dishonesty during the period July 28, 1999 through July 28, 2000 was $10,000. Hatch Aff. at ¶ 43.

43. The total limits of coverage under MDB's policies with Insurance Company for employee dishonesty during the period July 28, 2000 through July 28, 2001 was $25,000. Hatch Aff. at ¶ 44.

44. The total limits of coverage under MDB's policies with Insurance Company for employee dishonesty during the period July 28, 2001 through July 28, 2002 was $25,000. Hatch Aff. at ¶ 45.

45. The total limits of coverage under MDB's policies with Insurance Company for employee dishonesty during the period July 28, 2002 through July 28, 2003 was $25,000. Hatch Aff. at ¶ 46.

PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG, EIG & COOPER, CHTD.

By:
   Roy Niedermayer, Esq. #180380

4800 Hampden Lane, 7th Floor
Bethesda, MD 20814
Telephone: (301) 951-4456

Attorney for Plaintiff