IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MDB COMMUNICATIONS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-CV-02131-PLF |
| | ) |
| HARTFORD CASUALTY INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff, MDB Communications, Inc., by and through its counsel, Roy I. Niedermayer and Paley, Rothman, Goldstein, Rosenberg, Eig and Cooper, Chartered, submits this Memorandum in support of its Motion for Summary Judgment.

**STATEMENT OF FACTS NOT IN DISPUTE.**

The material facts necessary for this Motion for Summary Judgment are limited and not in genuine dispute. They are set forth in the accompanying Statement of Undisputed Material Facts. For purposes of analysis and plaintiff's arguments, however, the essential core facts are:

1. MDB[1/] had two separate and identical policies of insurance (with respect to the present claims) with Insurance Company for two periods of time, July 28, 2003 until July 28, 2004 and July 28, 2004 until July 28, 2005. Hatch Aff. at ¶ 3,8; MDB Apx. 5, 63.

2. Each of these policies covered losses described as the dishonest acts of

---

[1/]   Plaintiff uses the defined abbreviations from its Statement of Undisputed Material Facts and Affidavit in this Memorandum.

employees. Each policy had total applicable policy limits of insurance of $45,000. MDB Apx. 4, 46, 66, 105; Hatch Aff. ¶ 6, 11.

3.  An employee of MDB committed dishonest acts by forging authorized signatures on MDB checks from 1999 until discovered in February 7, 2005. This resulted in a total loss to MDB of $645,861.97. Hatch Aff. at ¶ 17, 27.

4.  The losses to MDB from the acts covered by the two policies were $153,857.47 during one policy term period and $76,882.62 during the policy term period of the other policy. Hatch Aff. at ¶ 25, 26.

5.  During 2005, MDB recovered $279,510.75 from its dishonest employee, leaving an unrecovered loss of $366,351.22. Hatch Aff. at ¶ 35, 36.

**ISSUES PRESENTED ON SUMMARY JUDGMENT.**

This Motion presents three issues for the Court on summary judgment:

1.  Is there coverage for the losses sustained by MDB and what are the applicable limits of insurance?

2.  What is the amount of the undisputed losses sustained by MDB during the applicable policy terms?

3.  How is any restitution received by MDB from the dishonest employee to be applied in calculating the amount of loss sustained by MDB during the applicable policy terms?

**TABLE OF CITATIONS.**

Cases.

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).............................. 4
*Byrd v. Allstate Ins. Co.*, 622 A.2d 691, 693 (D.C. 1993)....................... 8

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322,(1986). . . . . . . . . . . . . . . . . . . . . . . . . . 4
*Lagerstrom v. Myrtle Werth Hos.-*
   *Mayo Health System*, 700 N.W.2d (Wis. 2001). . . . . . . . . . . . . . . . . . . . . . . . . 10
*N. Buckeye Edn. Council Group Health Benefits Plan. v.*
   *Lawson*, 814 N.E.2d 1210 (Ohio 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
*Petta v. ABC Ins. Co.*, 692 N.W.2d 639 (Wis. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 10
*Progressive West Ins. Co. v.*
   *Yolo County Superior Court*, 37 Cal Rptr. 3d. 434 (2005). . . . . . . . . . . . . . . . 10
*Rosa's Café, Inc. v. Wilkerson*, 183 S.W.3d 482 (Tex. App. 2005). . . . . . . . . . . . . 10
*Stevens v. United General Title Ins. Co.*, 801 A.2d 61 (D.C. 2002) . . . . . . . . . . . . . 8
*Summerlin v. Georgia- Pacific Corp. Life,*
*Health & Ace. Plan.*, 366 F. Supp.2d 1203 (D. Ga. 2005). . . . . . . . . . . . . . . . . . . 10
*Travelers Indemnity Co. of Ill. v. United Food & Comm. Workers*
   *Internat'l Union,* 770 A. 2d. 978 (D.C. 2001). . . . . . . . . . . . . . . . . . . . . . . . . 8,9

Statutes, Rules.

D.C. Code, 2001 Ed.  §28: 3-104. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Fed. R. Civ. P. 56(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Fed. R. Civ. P. 56(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Treatises.

73 Am.Jur.2d *Summary Judgment* § 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
Couch on Insurance § 226:34 (3rd ed 2005).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
*The American Heritage Dictionary of the English Language* (4th ed 2003). . . . . . . . . 8

**SUMMARY OF ARGUMENT.**

Each of the applicable insurance policies involved in this case provides coverage for MDB's losses resulting from the forgery of an authorized signature on MDB's checks and the use of those checks to procure transfer of MDB's money totaling over $625,000 from 1999 until discovery in 2005 to the dishonest employee. Hatch Aff. at ¶ 17, 27. The total limits of coverage for these dishonest acts are $45,000 under each policy. MDB Apx. 4, 46, 66, 105. MDB's actual losses during the two policy terms exceeded the policy limits. Hatch Aff. at ¶ 21, 22.

MDB obtained restitution from the employee in the amount of $279,510.79.

Hatch Aff. at ¶ 35. MDB's unrecovered losses exceed any restitution by over $350,000 so that MDB was not made whole from its entire loss and remains entitled to recover the full amount of insurance coverage from Insurance Company. Hatch Aff. at ¶ 36. Alternatively, applying the restitution amounts to the earliest losses first still entitles MDB to damages against Insurance Company in the full amount of the policy limits. Finally, application of the restitution proportionately to the losses in each policy term still entitles MDB to recover damages from Insurance Company in the full policy limits under one policy and a substantial portion of the policy limits under the other policy.

**ARGUMENT.**

Under Federal Rule of Civil Procedure Rule 56, the Court could enter summary judgment in favor of MDB if its motion and any opposition demonstrates that there is no genuine dispute as to any material fact and MDB is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970). Once MDB has established the non-existence of any dispute over a material fact, the burden shifts to Insurance Company to demonstrate that a dispute over material facts does exist. Fed. R. Civ. P. 56(e); *Adickes*, 398 U.S. at 159-161. Insurance Company must make this showing based on specific evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986). Its mere denials of the allegations asserted in MDB's Statement of Undisputed Facts or the Complaint is not sufficient to defeat MDB's motion for summary judgment. *See id.* In this case, Insurance Company must present facts showing a genuine dispute involving coverage and the amount of losses sustained by MDB during each applicable policy term of the two policies.

Summary judgment is a valuable tool by which this Court may conserve valuable resources. One of the benefits of summary judgment is to provide "a reasoned and careful way to resolve cases fairly and expeditiously." *Id*. at 327. "The remedy of summary judgment is essentially one in the interests of justice ... to cut down the frequent contributions to injustice which proceed from technicalities of pleading and practice." 73 Am.Jur.2d *Summary Judgment* § 1. In this case, summary judgment is proper as there is no genuine dispute regarding liability or damages. While there could be minor differences regarding the exact magnitude of the total amount of losses suffered by MDB during each policy term, these disputes are not material to liability or damages because the amount of MDB's losses in each fiscal period exceed the policy limits of coverage.

**I.   Plaintiff is Entitled to Judgment on Liability as a Matter of Law Because there is No Genuine Dispute that the Policies of Insurance Provide Coverage for the Losses Sustained by Plaintiff Caused by Dishonest Acts of Its Employee.**

Plaintiff had two policies of insurance with defendant. Policy 1 covered dishonest employee occurrences during the period from July 28, 2003 until July 28, 2004;Policy 2 covered the same type of dishonesty occurrences from July 28, 2004 until July 28, 2005. MDB Apx. 5, 48-49, 63, 107-108. The language in question for those policies is identical and unambiguously provides plaintiff with coverage for the actions of its Employee.

Plaintiff had insurance coverage for employee dishonesty under an Employee Dishonest Coverage Addendum and a Super Stretch Endorsement for Employee Dishonesty. MDB Apx. 4, 46, 66, 105. The Employee Dishonesty Coverage

Endorsement for each policy provided the following regarding its coverage:

### A. COVERAGE

We will pay for loss of, and loss from damage to, Covered Property resulting directly from the Covered Causes of Loss.

#### 1. Covered Property

Covered Property means "money",[2/] "securities",[3/] and other tangible property of intrinsic value and not otherwise excluded.

#### 2. Covered Causes of Loss

Covered Causes of Loss means dishonest acts committed by an "employee", whether identified or not, acting alone or in collusion with other persons, except you, with the manifest intent to:

    a.    Cause you to sustain loss; and also

    b.    Obtain financial benefit (other than salaries, commissions, fees, bonuses, promotions, awards, profit sharing or pensions or other employee benefits earned in the normal course of employment) for:
(1)    The "employee"; or
(2)    Any person or organization intended by the ["]employee" to receive that benefit.

---

[2/] "Money" is defined in the policies to mean:

    a.    Currency, coins and bank notes whether or not in current use; and

    b.    Travelers checks, registered checks and money orders held for sale to the public.

MDB Apx. 43, 102.

[3/] "Securities" are defined in the policies to mean:

negotiable and nonnegotiable instruments or contracts representing either 'money' or other property and includes . . . .

MDB Apx. 44, 102.

MDB Apx. at 48, 107.

Paragraph D of the Employee Dishonesty Coverage Endorsement stated:

**D. LIMIT OF INSURANCE**

The most we will pay for each Occurrence of loss under this Endorsement is the Employee Dishonesty Limit of Insurance stated in the Declarations.

The Additional Coverages are included in this Limit of Insurance.

MDB Apx. 49, 108.

This coverage gave MDB a limit of insurance of Twenty Thousand Dollars. ($20,000). MDB Apx 4, 66. Plaintiff also secured an additional limit of insurance for employee dishonesty of Twenty-Five Thousand Dollars ($25,000) through the Super Stretch coverage. MDB Apx. 46, 105. The Super Stretch Endorsement provided:

**6. Employee Dishonesty (including ERISA)**

The following Additional Coverage is added:

We will pay up to $25,000 as a Limit of Insurance to cover loss from employee dishonesty. This includes ERISA coverage. This Limit of Insurance is in addition to any other Limit of Insurance that may be provided by this policy for this coverage.

This Additional Coverage is subject to the provisions of the Employee Dishonesty Coverage, Form SS 0442, with the exception of the Limit of Insurance provision contained in that form. Employee Dishonesty Coverage, Form SS 0442 is made a part of this policy whether or not Employee Dishonesty Coverage is indicated in the Declarations.

MDB Apx. at 15, 16, 112, 113. MDB thus had total coverage limits of Forty-Five Thousand Dollars ($45,000) for each policy.

The language of the policies in regard to acts of employee dishonesty made clear that coverage is provided for dishonest acts of employees. MDB Apx. 48, 107. In this case, Employee forged the signature of an authorized signatory on company checks

made payable to the employee or for the employee's benefit and thereby stole over Six Hundred Thousand Dollars ($600,000). Hatch Aff. at ¶ 17, 18, 27. By any dictionary definition[4/] or the common understanding of ordinary persons, *e.g., Travelers Indemnity Co. of Ill. v. United Food & Comm. Workers Int'l Union,* 770 A. 2d. 978 (D.C. 2001), these were dishonest acts involving negotiable instruments. S*ee* D.C. Code § 28: 3-104 (2001) engaged in by Employee during her 1999-2005 period of employment by MDB as its controller.

The District of Columbia Court of Appeals has made clear, "'"[W]here [insurance] contract language is not ambiguous, summary judgment is appropriate because a written contract duly signed and executed speaks for itself and binds the parties without the necessity of extrinsic evidence."'" *Stevens v. Unit. Gen. Title Ins. Co.*, 801 A.2d 61 (D.C. 2002) (citing *Travelers Indem. Co. of Ill. v. Unit. Food & Comm. Workers Int'l Union*, 770 A.2d 978, 985 (D.C. 2001)(quoting *Byrd v. Allstate Ins. Co.*, 622 A.2d 691, (D.C. 1993)(other citations omitted)). Accordingly, there can be no genuine dispute of material fact that each insurance policy provide coverage in the amount of Forty-Five Thousand Dollars ($45,000) for Employee's dishonest acts.

**II. Plaintiff is Entitled to a Judgment on Damages to the Limits of Insurance for Each Policy as a Matter of Law Because there is No Genuine Dispute that the Losses Sustained by Plaintiff by Dishonest Acts of Its Employee Exceeded each Policy's Limits.**

From July 28, 1999 through February 7, 2005, MDB sustained losses as a proximate result of Employee's dishonesty. Hatch Aff. at ¶ 19, 20. MDB lost the

---

[4/]  "Dishonesty" is defined as "[l]ack of honesty or integrity; improbity." "Dishonest" is defined as "[d]isposed to lie, cheat, defraud, or deceive." *The American Heritage Dictionary of the English Language* (4th ed 2003).

following amounts for each applicable time period:

July 28, 2000 through July 28, 2000:   $ 79,219.51
July 28, 2000 through July 28, 2001:   $102,230.72
July 28, 2001 through July 28, 2002:   $126,330.44
July 28, 2002 through July 28, 2003:   $107,341.21
July 28, 2003 through July 28, 2004:   $153,857.47
July 28, 2004 through July 28, 2005:   $ 76,882.62

Hatch Aff. at ¶ 21-26.

Continuously throughout this entire 1999-2005 period, and in each individual policy period itself, MDB had Employee Dishonesty coverage with Insurance Company in the following limits of coverage :

July 28, 2000 through July 28, 2000:   $ 10,000.00
July 28, 2000 through July 28, 2001:   $ 25,000.00
July 28, 2001 through July 28, 2002:   $ 25,000.00
July 28, 2002 through July 28, 2003:   $ 25,000.00
July 28, 2003 through July 28, 2004:   $ 45,000.00
July 28, 2004 through July 28, 2005:   $ 45,000.00

Hatch Aff. at ¶ 6, 11, 42, 43-46.

MDB recovered restitution from Employee in the total amount of $279,510.79. Hatch Aff. at ¶ 35. There is no provision in either Policy 1 or Policy 2 addressing Insurance Company's entitlement, *vel non*, to a credit for any such restitution payments in the nature of subrogation or reduction of the amount of any claimed loss. MDB Apx. 1-122. Indeed, there is no provision describing or requiring how you calculate the amount of or proof of any claimed loss in a situation like this. With the existence of such ambiguity, Insurance Company is not entitled to any such credit to the extent that the lack of such provision must be construed most favorably for MDB and against Insurance Company as the drafter of the policies. *Travelers Indemnity Co. of Ill. v. United Food & Comm. Workers Internat'l Union,* 770 A. 2d. 978 (D.C. 2001).

MDB is entitled to recover the full limits under Policy 1 and Policy 2 pursuant to the "made whole" doctrine. *Couch on Insurance* § 226:34 (3rd ed 2005). *See generally Progressive West Ins. Co. v. Yolo County Superior Court*, 37 Cal Rptr. 3d. 434 (2005); *Rosa's Café, Inc. v. Wilkerson*, 183 S.W.3d 482 (Tex. App. 2005); *Lagerstrom v. Myrtle Werth Hos.- Mayo Health System*, 700 N.W.2d (Wis. 2001); *Summerlin v. Georgia-Pacific Corp. Life, Health & Ace. Plan.*, 366 F. Supp.2d 1203 (D. Ga. 2005); *Petta v. ABC Ins. Co.*, 692 N.W.2d 639 (Wis. 2005); *N. Buckeye Edn. Council Group Health Benefits Plan. v. Lawson*, 814 N.E.2d 1210 (Ohio 2004). Under that doctrine, Insurance Company is not entitled to credit for any portion of these collateral recoveries by MDB until MDB has recovered the full amount of its total loss, whether the "made whole" doctrine is applied to the total period or each individual policy term. *See id.*

MDB's total loss during the entire 1999-2005 period due to Employee's dishonesty was $645,861.97. Hatch Aff. at ¶ 27. Applying the restitution to the entire period of Employee's dishonesty leaves MDB with an unrecovered loss of $366,351.22. Hatch Aff. at ¶ 36. The math cannot be disputed.[5/]   MDB has not been made whole in any sense and certainly not for the Policy 1 and Policy 2 term periods.

Alternatively, application of the "made whole" doctrine on a policy-year-by-policy-year basis does not make MDB whole for the Policy 1 and Policy 2 term periods as shown below:

---

[5/]   Recently, Insurance Company suggested that it may dispute approximately $61,000 of the checks during the pre-Policy 1 time period as being forged. In any case, this would still make the unrecovered loss to MDB $305,351.22, if that is Insurance Company's contention. Regardless, even if that is the loss, which it is not, MDB has not been made whole.

| Policy Period | Loss | Application of Restitution | Period Loss |
|---|---|---|---|
| July 28, 1999 through July 28, 2000 | (79,219.51) | 79,219.51 | 0.00 |
| July 28, 2000 through July 28, 2001 | (102,230.72) | 102,230.72 | 0.00 |
| July 28, 2001 through July 28, 2002 | (126,330.44) | 98,060.52 | (28,269.92) |
| July 28, 2002 through July 28, 2003 | (107,341.21) | 0.00 | (107,341.21) |
| July 28, 2003 through July 28, 2004 | (153,857.47) | 0.00 | (153,857.47) |
| July 28, 2004 through July 28, 2005 | (76,882.62) | 0.00 | (76,882.62) |
| Totals | (645,861.97) | 279,510.75 | (366,351.22) |

Hatch Aff. at ¶ 21-26.

Finally, even if the "made whole" doctrine were applied using a proportionate allocation of the restitution based on the amount of the loss in each year, MDB is not made whole for the Policy 1 and Policy 2 term periods as shown below:

| Policy Period | Loss | Period Percentage Loss | Proportionate Application of Restitution | Period Loss |
|---|---|---|---|---|
| July 28, 1999 through July 28, 2000 | (79,219.51) | 12.27% | 34,283.96 | (44,935.55) |
| July 28, 2000 through July 28, 2001 | (102,230.72) | 15.83% | 44,242.56 | (57,988.16) |
| July 28, 2001 through July 28, 2002 | (126,330.44) | 19.56% | 54,672.23 | (71,658.21) |
| July 28, 2002 through July 28, 2003 | (107,341.21) | 16.62% | 46,454.23 | (60,886.98) |
| July 28, 2003 through July 28, 2004 | (153,857.47) | 23.82% | 66,585.15 | (87,272.32) |
| July 28, 2004 through July 28, 2005 | (76,882.62) | 11.90% | 33,272.62 | (43,610.00) |
| Totals | (645,861.97) | | 279,510.75 | (366,351.22) |

Hatch Aff. ¶ 21-26, 29-30.

Thus, under the first two approaches to the application of the "made whole" doctrine, MDB is entitled to recover from Insurance Company the full amount of the policy limits for the Policy 1 and Policy 2 periods because MDB has not been "made whole." Under the final alternative application of the doctrine, MDB is entitled to the full policy limits of coverage for Policy 1, but is limited to $43, 610 under Policy 2.

**CONCLUSION**.

For the foregoing reasons, as well as those offered at any permitted oral argument before the Court, plaintiff is entitled to a summary judgment against the defendant that the Policy provides coverage for claims of employee dishonesty and forgery up to the Policy coverage limits.

                                               PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG,
EIG & COOPER, CHTD.

By: _____
    Roy Niedermayer, Esq. #180380

4800 Hampden Lane, 7th Floor
Bethesda, MD 20814
Telephone: (301) 951-4456

Attorney for Plaintiff

**APPENDIX**

Policy 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . MDB Apx. 1

Policy 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . MDB Apx. 61