IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MDB COMMUNICATIONS, INC., | * |
| Plaintiff, | * |
| v. | * Civil Case No.: <u>05-CV-02131-PLF</u> |
| HARTFORD CASUALTY INSURANCE COMPANY, | * |
| Defendant. | * |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO AMEND ITS COMPLAINT**

Defendant, Hartford Casualty Insurance Company ("Hartford"), through its undersigned counsel, in response to Plaintiff's Motion for Leave to Amend its Complaint states as follows:

1. Plaintiff, MDB Communications, Inc. ("MDB"), now seeks to amend its complaint to pursue claims under prior policies it has never asserted before: not in its Proofs of Loss, which were due over a year ago; not in its original Complaint filed on October 7, 2005; and not at any time before the close of discovery. In fact, the day before discovery closed MDB's President and CEO, Cary Hatch, testified as follows:

> Q: Is it your understanding that MDB Communications has only filed a claim with the Hartford for losses from 2003 through 2005 related to the theft?
> **A: That is my understanding.**
> Q: Okay. And that no other claim has been filed with any insurer for losses occurring prior to July 28, 2003?
> **A: No, not at this point.**
> Q: Okay. Does MDB have any plans to file a claim with the prior insurer?
> **A: Not at this time.**
> Q: Okay. Is there any piece of information that MDB is waiting for in regards to making a decision about filing a claim with another insurer?

**A: Not that I am aware of today.**

*Exhibit A, Hatch Deposition at 81:4-18.* Nevertheless, a month later, the day before dispositive motions were due, MDB submitted Proofs of Loss for claims it had never asserted before, and simultaneously sought to assert breach of contract claims against Hartford for failing to pay those claims.

2. Permission to amend a complaint is within the discretionary powers of the district court. *Firestone v. Firestone*, 316 U.S. App. D.C. 152, 76 F.3d 1205, 1208 (D.C. Cir. 1996). While Rule 15 requires that "leave shall be freely given when justice so requires," leave is properly denied when "there is sufficient reason, such as undue delay, bad faith or dilatory motive" or where there is "repeated failure to cure deficiencies by [previous] amendments" or "futility of amendment." *Id.* (*quoting Foman v. Davis*, 371 U.S., 178, 182 (1962). *See also Doe v. McMillian*, 185 U.S. App. D.C. 48, 566 F.2d 713, 720 (1977) (citations omitted).

3. Generally, leave to amend should not be granted where the proposed amendment is futile as the new claims will not "would not survive a motion to dismiss or for judgment on the pleadings." *Wilson v. ABN AMRO Mortgage Group*, 2005 U.S. Dist. LEXIS 38271 at *8 (D.D.C. Dec. 21, 2005) (*quoting Stith v. Chadbourne & Parke, LLP*, 160 F. Supp. 2d 1, 6 (D.D.C. 2001)). In the present case, permitting Plaintiff's untimely amendment will in fact prove futile; MDB's latest claims under prior policy periods suffer from the same flaws that have led Hartford to pursue summary judgment on the existing claims. Specifically, MDB has failed to comply with policy conditions prior to filing suit (with the added failure to submit timely Proofs of Loss), and has sought to circumvent policy limits at the expense of Hartford's subrogation rights.

4. If in fact leave to amend is granted no further discovery should be permitted, and both the original claims and MDB's new found claims should be disposed of through Hartford's pending motion for summary judgment.[1] Furthermore, the separate action initiated by MDB against Hartford in this court should be dismissed in the interests of judicial economy, and to avoid unnecessary duplication of effort and expense.

Respectfully submitted,

_____/s/_____
GEORGE E. REEDE, JR.
D.C. Bar No. 43062
Niles, Barton & Wilmer, LLP
111 S. Calvert St., Suite 1400
Baltimore, MD  21202
Telephone: (410)783-6300
Fax: (410)783-6410
*Attorney for Defendant*

## TABLE OF AUTHORITIES

Fed. R. Civ. P. 15(a)

*Doe v. McMillian*, 566 F.2d 713, 720 (1977)

*Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996)

*Foman v. Davis*, 371 U.S., 178, 182 (1962).

---

[1] Hartford would anticipate raising any additional arguments necessary with respect to MDB's untimely claims in its Reply Brief. Plaintiff has itself to blame for the odd procedural posture of the case that requires such an approach.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>14th</u> day of <u>April</u> 2006, a copy of the foregoing **Response to Plaintiff's Motion for Leave to Amend its Complaint** was served via electronic transmission upon:

Roy I. Niedermayer, Esquire
Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chtd.
4800 Hampden Ln., 7th Floor
Bethesda, MD  20814
*Attorney for Plaintiff*


_____/s/_____
GEORGE E. REEDE, JR., Bar No. 43062