IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MDB COMMUNICATIONS, INC. )
)
Plaintiff, )
)
v. ) Civil No. 05-CV-02131-PLF
)
HARTFORD CASUALTY INSURANCE COMPANY )
)
Defendant. )

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, MDB Communications, Inc., ("MDB") by and through its counsel, Roy I. Niedermayer and Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chtd., files this Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment of defendant ("Insurance Company"). MDB also submits a Supplemental Statement of Undisputed Material Facts and Objections to Defendant's Statement of Undisputed Material Facts along with the Affidavits of Philip Gorelick, Esq. and Roy I. Niedermayer, Esq. in further support of its Opposition to Defendant's Motion for Summary Judgment.

**TABLE OF CITATIONS.**

Cases.

*DiFrancisco v. Chubb Ins. Co.*,
662 A.2d 1027 (N.J. Super. Ct. App. Div. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Federal Insurance Company v. Plaza Drugs, Inc.*,
333 F. Supp. 1305, 1308 (D. D.C. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Miller v. St. Paul Insurance Co.*, 203 A. 2d 923 (D.C. App. 1964) . . . . . . . . . . . . . 12

*Pacific Coast District v. Travelers Casualty and Surety*,
782 A.2d 269, 276 (D.C. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

PALEY, ROTHMAN,
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301) 654-7354

*Powell v. U.S. Fidelity and Guar. Co.*,
855 F. Supp. 858, 859 (D. Va. 1994), *aff'd*, 88 F.3d 271 (4th Cir. 1996) . . . . . . . . . . 3

*Rymsha v. Trust Ins. Co.*, 746 N.E.2d 561, 563 (Mass. App. Ct. 2001) . . . . . . . . . 4

*Soper v. First Security Insurance Co.*, 148 A.2d 580 (D.C. Mun. App. 1959) . . . . . 13

*Tran v. State Farm Fire and Cas. Co.*, 961 P.2d 358, 361 (Wash. 1998) . . . . . . . 4, 9

**SUMMARY OF ARGUMENT.**

Only MDB not Insurance Company is entitled to summary judgment. The Policies do not specifically state what information supporting MDB's proofs of loss must be submitted to Insurance Company.  MDB provided Insurance Company with documentation required under the Policies, made other information available for inspection when identified by Insurance Company, and fully cooperated with all of Insurance Company's requests for additional information. Insurance Company did not have sufficient grounds to deny MDB's claims on that basis nor do its arguments provide sufficient grounds for summary judgment.

Moreover, Insurance Company was not prejudiced and its subrogation rights were not affected by the recovery MDB secured from its dishonest employee, Marilyn Essex. Insurance Company is not entitled to any credits from restitution because MDB has not been made whole for all of the losses that it sustained as fully explained in MDB's Motion for Summary Judgment.

**ARGUMENT.**

    1.    PLAINTIFF MADE AVAILABLE TO INSURANCE COMPANY ALL INFORMATION REQUESTED BY IT IN A TIMELY AND REASONABLE MANNER.

Insurance Company's claim that MDB did not provide it with the documentation required under the Policies or specifically requested by Insurance Company is disingenuous and not true. It relies on an incomplete presentation of the exchange between the parties because it omits all of MDB's responses. MDB provided Insurance Company with all of the required documentation and cooperated with every request made by Insurance Company.

The Policies required MDB to provide Insurance Company with "prompt notice of the loss or damage [and i]nclude a description of the property involved." Def. Exhibit A at Tab 7. MDB complied with that request when it sent notice to Insurance Company on March 16, 2005. Niedermayer Aff. at Exhibit 1. Thereafter and only upon request by Insurance Company was MDB to send Insurance Company "a signed, sworn statement of loss containing the information [Insurance Company] request[s] to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms." Def. Exhibit A at Tab 7. MDB promptly complied with this request of Insurance Company when it submitted the Proof of Loss Forms on April 11, 2005. Def. Exhibits B and G. Thus, Insurance Company's contention that MDB did not comply with the preliminary requirements of the Policies is wholly inaccurate.

Finally, every case relied upon by Insurance Company in support of this aspect of the summary judgment is distinguishable on its facts. In each one of those cases, the insured failed or refused to provide to the insurer documentation deemed relevant by the

Court. *Powell v. U.S. Fidelity and Guar. Co.*, 855 F. Supp. 858, 859 (D. Va. 1994), *aff'd*, 88 F.3d 271 (4th Cir. 1996) (insured **refused** to provide relevant business, financial, and tax records and refused to answer questions during his statement under oath); *Rymsha v. Trust Ins. Co.*, 746 N.E.2d 561, 563 (Mass. App. Ct. 2001) (insured **declined** to provide relevant personal and business financial information upon request of insurer who was investigating the alleged theft from the insured's car); *Tran v. State Farm Fire and Cas. Co.*, 961 P.2d 358, 361 (Wash. 1998) (insured **refused** to provide relevant personal and business information upon request of insurer who was investigating the alleged burglary at the insured's business); *DiFrancisco v. Chubb Ins. Co.*, 662 A.2d 1027 (N.J. Super. Ct. App. Div. 1995) (insured **declined** to provide tax returns and books and records for his business upon request of insurer). The facts herein reveal just the opposite – a cooperative, continuing effort to give Insurance Company whatever it wanted. MDB never refused to provide factual data or documents. Niedermayer Aff. at ¶ 22. Insurance Company cannot point to one instance.

Further, MDB continued to respond promptly to Insurance Company's supplemental requests for information and the inspection of MDB's records. MDB fully cooperated with Insurance Company's request for documentation in each instance. Insurance Company concedes in its Motion that MDB provided it with the "opportunity to access the remaining requested documentation." Def. Motion at 9.

The following chart details the communications exchanged between plaintiff's counsel and defendant or defendant's counsel regarding MDB's claims and other events. This chart makes clear that MDB was fully cooperative and operated in good

faith in providing Insurance Company with the information it requested.

| Aff. Exh. No. | Date | To/From | Substance of Communication |
|---|---|---|---|
| 1 | March 16, 2005 | To: Insurance Company From: MDB's counsel | MDB provided notice of claims under Policies. |
| 2 | April 11, 2005 | To: Insurance Company From: MDB's counsel | MDB submitted Proofs of Loss and provided Insurance Company with: a) copies of forged checks during the policy period; b) a copy of Essex's employment agreement; c) a copy of Essex's W-2; d) an acknowledgment from Essex admitting responsibility for the forgery; e) a safe haven signature form. The letter acknowledged Insurance Company's request for a police report, and explained that MDB would forward a copy of the report as soon as the Metropolitan Police Department provided MDB with a copy. The letter stated **"If there are any other actions you wish the Insured to take or any additional information you request, please communicate with me and I will endeavor to gather and provide the data as soon as possible."** [Emphasis added]. |
| 3 | May 2, 2005 | To: MDB's counsel From: Insurance Company | Insurance Company requested: a) copies of any correspondence between MDB and Essex; b) a copy of the police report; and c) information about claims against MDB's bank. |

| | | | |
|---|---|---|---|
| 4 | May 5, 2005 | To: Insurance Company From: MDB's counsel | MDB asked for clarification on the subject matter of the correspondence requested between MDB and Essex. MDB explained that it still had not received a copy of the police report, but that it would forward a copy to Insurance Company as soon as it was received. MDB acknowledged that a claim had been made against Bank of America for processing the forged checks. |
| 5 | May 6, 2005 | To: Insurance Company From: MDB's counsel | MDB responded additionally that it had reviewed its files and it had no additional written or email correspondence with Essex regarding the forgeries that was not already provided to Insurance Company. |
| 6 | May 12, 2005 | To: MDB's counsel From: Insurance Company | Insurance Company requested:   a) copies of all agreements, liens or documents made in conjunction with MDB's restitution efforts; and   b) copies of all claim forms and correspondence with Bank of America. |
| 7 | May 16, 2005 | To: Insurance Company From: MDB's counsel | MDB's current counsel acknowledged that MDB's former counsel had had communications with Essex's attorney after Essex signed the admission. The letter asked for guidance on how Insurance Company wanted to proceed regarding this matter. |
| 8 | June 10, 2005 | To: Insurance Company From: MDB's counsel | MDB provided Insurance Company with copies of all agreements entered into between MDB and Essex. |
| 9 | June 14, 2005 | To: MDB's counsel From: Insurance Company | Insurance Company denied MDB's claims alleging that MDB received full restitution for its losses. |

| 10 | June 24, 2005 | To: Insurance Company From: MDB's counsel | MDB explained that its losses totaled over $650,000; therefore, the recovery of approximately $279,000 did not fully compensate MDB for its losses. MDB further explained that it had instituted suit against Bank of America for $25,000. |
| --- | --- | --- | --- |
| 11 | August 11, 2005 | To: MDB's counsel From: Insurance Company's counsel | Insurance Company again denied MDB's claims. It explained that it would permit MDB to submit revised Proofs of Loss and requested the following:<br>    a) Bank statements for the entire period of Essex's forgery scheme;<br>    b) Essex's personnel file and all W-2s;<br>    c) Documentation of all restitution received; and<br>    d) MDB's general ledger entries. |
| 12 | September 2, 2005 | To: Insurance Company's counsel From: MDB's counsel | MDB responded that it would be very costly to reproduce all bank statements and general ledgers for the requisite six year period. Therefore, it suggested that Insurance Company review the documentation at MDB's office. MDB represented that it would forward copies of Essex's personnel file and restitution documentation in the next few days. |
| 13 | September 8, 2005 | To: Insurance Company's counsel From: MDB's counsel | MDB explained that its original Proofs of Loss accurately detailed the losses sustained by MDB and all recoveries it secured from Essex; therefore, it would not be submitting revised versions of those forms. MDB renewed its offer to have Insurance Company come to its office to review the general ledgers, bank statements, and Essex's W-2s. MDB offered to provide Insurance Company with copies of all forged checks. |