IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MDB COMMUNICATIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 05-CV-02131-PLF<br>)<br>)<br>)<br>)<br>) |

**SUPPLEMENTAL STATEMENT OF UNDISPUTED MATERIAL FACTS AND OBJECTIONS TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff, MDB Communications, Inc., by and through its counsel, Roy I. Niedermayer and Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chtd., submits the following objections to and denial of alleged factual elements of defendant's Statement of Undisputed Material Facts and a Supplemental Statement of Material Facts about which there is no genuine dispute caused by defendant's statement, all in accordance with LCvR 7(h).

OBJECTIONS TO AND DENIAL OF LEGAL CONCLUSIONS REPRESENTED TO BE FACTS AND DENIALS OF FACTS IN DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS.

In its Statement of Undisputed Facts defendant inserts several legal arguments disguised and represented to be facts. Defendant's argumentative legal conclusions are not properly included in a Statement of Facts Not in Dispute and plaintiff objects to their inclusion and denies they are undisputed. Specifically, plaintiff objects to the following statements:

1.   In paragraph 5, defendant contends that "[t]he documentation MDB

PALEY, ROTHMAN,
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED
―――
Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301) 654-7354

submitted in support of its claim demonstrated that it had been fully compensated by Ms. Essex . . . ." Def. Memo at 3. Defendant's suggestion that plaintiff has been "fully compensated" through the monies it recovered from Ms. Essex is not a fact, but a legal conclusion and is disputed by plaintiff.

2. In paragraph 6, defendant asserts that "Plaintiff submitted the identical proofs of loss with limited additional documentation on September 9, 2005, but again failed to provide any documentation establishing that it had not been fully compensated by Ms. Essex." Def. Memo at 3. Again, defendant's statement that plaintiff has been "fully compensated" by the recovery it received from Ms. Essex is not a factual assertion, but a legal conclusion. Plaintiff denies its truth and objects to its inclusion in defendant's Statement of Undisputed Fact.

3. To the extent that plaintiff's Statement of Undisputed Facts differs from any statement of fact in defendant's ¶ B. Undisputed Facts in its Memorandum of Law in Support of Summary Judgment, plaintiff denies the assertion of fact of defendant.

SUPPLEMENTAL STATEMENT OF FACTS NOT IN DISPUTE.

Plaintiff submits the following additional statements of material facts about which there is no genuine dispute in accordance with LCvR 7(h).

1. On behalf of plaintiff on February 16, 17, and 18, 2005, MDB by its attorney notified defendant that MDB was investigating its losses and was seeking restitution from Marilyn Essex. Gorelick Aff. at ¶ 4 and 5.

2. MDB informed defendant of MDB's contemplated collection actions and restitution efforts before their consummation. Gorelick Aff. at ¶ 4 and 5.

-2-

3. On March 16, 2005, Roy I. Niedermayer sent a letter to defendant advising Insurance Company of MDB's claims under the Policies. Niedermayer Aff. at ¶ 3 and 7, Exhibit 1.

4. On April 11, 2005, Roy I. Niedermayer sent a letter to defendant submitting MDB's Proof of Loss forms and providing Insurance Company with requested documentation. Niedermayer Aff. at ¶ 3 and 7, Exhibit 2.

5. On May 2, 2005, Roy I. Niedermayer received a letter from defendant in response to his letter of April 11, 2005. The letter requested that MDB provide Insurance Company with the police report and any correspondence with Essex. Niedermayer Aff. at ¶ 5, Exhibit 3.

6. On May 5, 2005, Roy I. Niedermayer sent to defendant a letter responding to Insurance Company's document request of May 2, 2005. Niedermayer Aff. at ¶ 3 and, Exhibit 4.

7. On May 6, 2005, Roy I. Niedermayer sent to defendant a letter explaining that it had provided Insurance Company with all correspondence it had with Essex. Niedermayer Aff. at ¶ 3 and 7, Exhibit 5.

8. On May 12, 2005, Roy I. Niedermayer received a letter from defendant in response to his letters dated May 5 and 6, 2005. The letter requested copies of the claim forms MDB submitted to Bank of America. Niedermayer Aff. at ¶ 5, Exhibit 6.

9. On May 16, 2005, Roy I. Niedermayer sent to defendant a letter requesting guidance from Insurance Company on how it wanted to proceed regarding information that MDB's former counsel had had communications with Essex after she had signed the written admission. Niedermayer Aff. at ¶ 3 and 7, Exhibit 7.

10. On June 10, 2005, Roy I. Niedermayer sent a letter to defendant providing documentation regarding the Essex recovery. Niedermayer Aff. at ¶ 3 and 7, Exhibit 8.

11. On June 14, 2005, Roy I. Niedermayer received a letter from defendant denying MDB's claims under the Policies. Niedermayer Aff. at ¶ 5, Exhibit 9.

12. On June 24, 2005, Roy I. Niedermayer sent a letter to defendant responding to Insurance Company's denial of MDB's claim. Niedermayer Aff. at ¶ 3 and 7, Exhibit 10.

13. On August 11, 2005, Roy I. Niedermayer received a letter from defendant's counsel stating that MDB could submit revised Proof of Loss forms and requesting additional documentation. Niedermayer Aff. at ¶ 5, Exhibit 11.

14. On September 2, 2005, Roy I. Niedermayer sent an email to defendant's counsel responding to Insurance Company's document request from August 11, 2005. Niedermayer Aff. at ¶ 3 and 7, Exhibit 12.

15. On September 8, 2005, Roy I. Niedermayer sent a letter to defendant's counsel in which it resubmitted MDB's Proof of Loss forms and provided Insurance Company with copies of the documents it requested on August 11, 2005. Niedermayer Aff. at ¶ 3 and 7, Exhibit 13.

16. On December 21, 2005, Roy I. Niedermayer sent to defendant's counsel a letter and attached the documents requested by Insurance Company on November 18, 2005. Niedermayer Aff. at ¶ 3 and 7, Exhibit 14.

17. On February 1, 2006, Roy I. Niedermayer received an email from defendant's counsel requesting a date that Insurance Company's accountant could review documents at MDB's office. Niedermayer Aff. at ¶ 5, Exhibit 15.

18. On February 14, 2006, Roy I. Niedermayer received an email from defendant responding to his email of the same date explaining why the document review by its accounting expert was necessary. Niedermayer Aff. at ¶ 6 and 8, Exhibit 16.

19. On February 17, 2006, Roy I. Niedermayer sent an email to defendant's counsel responding to her email of the same date stating that MDB was looking for the documents requested by Insurance Company. Niedermayer Aff. at ¶ 6 and 8, Exhibit 17.

20. On February 21, 2006, Roy I. Niedermayer sent to an email defendant's counsel stating that it had retrieved from storage documents that Insurance Company may want to review. Niedermayer Aff. at ¶ 3 and 7, Exhibit 18.

21. On February 14, 2006, Roy I. Niedermayer received an email from defendant's counsel providing Insurance Company's expert's contact information so that MDB could schedule with him time and date to review documents in MDB's office. Niedermayer Aff. at ¶ 6 and 8, Exhibit 19.

22. MDB never refused to supply or make available any documents or information requested by Insurance Company. Niedermayer Aff. at ¶ 3 thru 8.

23. MDB sought Hartford's consent to act and acknowledgment that MDB's actions would not affect Hartford's subrogation rights and any MDB claim under Policy 1 or Policy 2. Gorelick Aff. at ¶ 4 and 5.

24. Time was critical in seeking to procure restitution from Ms. Essex before she dissipated, sold, disposed or hid her assets. Gorelick Aff. at ¶ 6.

>PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG,
>EIG & COOPER, CHTD.
>
>By:_____
>  Roy Niedermayer, Esq. #180380
>
>4800 Hampden Lane, 7th Floor
>Bethesda, MD 20814
>Telephone: (301) 951-4456
>
>Attorney for Plaintiff