# EXHIBIT 10 TO AFFIDAVIT OF ROY I. NIEDERMAYER



GLENN M. COOPER
VICTOR J. ROSENBERG*
MARK S. GOLDSTEIN
MARK S. ROTHMAN
STEPHEN H. PALEY
PAULA A. CALIMAFDE
RONALD A. DWECK
ARTHUR H. BLITZ*
ROBERT H. MACLAY
STEVEN A. WIDDES
HOPE B. EASTMAN
WENDELIN I. LIPP*
ALAN S. MARK
DANIEL P. HODIN
ARTHUR G. HOUSE*
ROY I. NIEDERMAYER
DIANE A. FOX
JEFFREY A. KOLENDER

* ALSO ADMITTED IN VIRGINIA
** ALSO ADMITTED IN QUEBEC
† NOT ADMITTED TO DC BAR

LINDA D. SCHWARTZ
WAYNE D. EIG
MARK A. BINSTOCK
PATRICIA M. WEAVER
ALAN D. EISLER*
DANIEL S. KOCH
KATHLEEN M. DUMAIS
JAMES R. HAMMERSCHMIDT
PAUL G. MARCOTTE, JR.
KATHERINE PALUMBO
DEBORAH A. COHN
NICOLAS S. DUFOUR**
HOWARD B. SOYPHER†
AUBREY L. MOSS
TIFFANY M. TURNER†
HILLARY E. CLARK†
MICHAEL B. BOMBA†

OF COUNSEL
ARNOLD B. SHERMAN

ATTORNEYS AT LAW
4800 HAMPDEN LANE, 7TH FLOOR
BETHESDA, MARYLAND 20814-2922
PH 301-656-7603 · FX 301-654-7354

June 24, 2005

WRITER'S E-MAIL AND DIRECT DIAL

TELEPHONE: 301-951-4456
E-MAIL: rniedermayer@paleyrothman.com

Ms. Diane Scott
Commercial Property Claims Specialist
Hartford Insurance
P.O. Box 68941
Indianapolis, IN 46268

Re   File Number:   YKB FD 04055
     Insured:       MDB Communications
     Date of Loss:  2/7/2005

Dear Ms. Scott:

I am responding to your letter of June 14, 2005 in which you suggest that MDB Communications, Inc. does not have a claim under the policies because it received full restitution of the amounts which it suffered as losses from defalcation of the dishonest employee and in which you seek further clarification of specified matters. Please be advised that the Proof of Losses submitted cover only those periods during which the two policies referenced in those Proof of Losses were in effect. The periods covered were July 28, 2003 through July 28, 2004 through July 28, 2005. These are the only periods for which the insured was entitled to make a claim against the company.

The total actual losses sustained by the insured as a result of this employee's actions were in excess of $276,960 and, in fact, totaled about $658,379.43. The amounts received in restitution from the dishonest employee were applied to the earliest losses first. This is also the meaning of the language on the second page of the Proof of Loss form. Since the total pre-July 28, 2003 losses were approximately $359,753.79 or 55% of the losses, the receipt of $276,960 did not fully compensate the insured for any losses during the policy periods.

In any case, even applied proportionately, the covered losses amount to 45% of all losses. If 45% of $276,960 or $124,632 were applied to the covered losses, there would still be $173,993 remaining reimbursement and covered by the policies. This is more than the

Ms. Diane Scott
Commercial Property Claims Specialist
Hartford Insurance
June 24, 2005
Page 2

limits for each policy period. For these reasons, the insured continues to have insurable and covered losses under its policies.

In response to your inquiry about the Bank of America, there is no communication. MDB Communications made a request for reimbursement based on applicable provisions of Title 28, article 4 of the District of Columbia Code, but the Bank denied it and a lawsuit ensued in the Superior Court of the District of Columbia, No. CA 05-3345. The prayer for relief is limited to $25,000 by the facts.

In reading your letter, it is unclear to me whether the company is now denying any payment is due the insured under the policies on the basis that no loss has been sustained. I would appreciate it if you would clarify the company's position on this matter and advise me whether the claims of MDB have been rejected or not.

Sincerely yours,

Roy I. Niedermayer

RIN:ab