IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MDB COMMUNICATIONS, INC.       )
                               )
            Plaintiff,         )
                               )
v.                             ) Civil No. 05-CV-02131-PLF
                               )
HARTFORD CASUALTY INSURANCE COMPANY )
                               )
            Defendant.         )

**PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO CONSOLIDATE CASES**

Plaintiff, MDB Communications, Inc. ("MDB"), by and through its counsel, Roy I. Niedermayer and Paley, Rothman, Goldstein, Rosenberg, Eig and Cooper, Chartered, submits this Reply to defendant's Opposition to Motion for Leave to File First Amended Complaint or, in the alternative, to Consolidate Cases and states as follows:

1. Defendant, Hartford Casualty Insurance Company ("Insurance Company") argues that MDB's amendment is "futile" because the amended claims will not withstand summary judgment. As MDB more fully explained in its Motion for Summary Judgment and its Opposition to Insurance Company's Summary Judgment, Insurance Company is wrong.

2. Insurance Company has not alleged or demonstrated any prejudice to it by the amended complaint, nor can it. In fact, MDB's amended claims make no substantive changes to the operative facts or positions of MDB. The amended claims simply (a) include losses that occurred in prior years from 1999-2003 during which Insurance Company had coverage under Policy Number 42 SBA 3V9713 DV and

PALEY, ROTHMAN,
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301) 654-7354

successive renewals and (b) increase the amount of the prayer for relief in conformity with the inclusion of the prior years. No additional discovery is necessary. MDB has already provided Insurance Company with the additional Proofs of Loss, and presumably, Insurance Company already has copies of the relevant Policies in its possession for the years 1999-2003. If not, they can be provided within a day by MDB.

Moreover, in the present case discovery even without the amended claims, MDB has previously provided Insurance Company with the documentation and information it has about the losses sustained from 1999-2005 inclusive of the amended claims. MDB has provided (a) all employment information for the wrongdoer, Marilyn Essex, from the inception of her employment to date, (b) copies of all forged checks from 1999 to 2005, (c) all documentation regarding any recovery or restitution received, and (d) all information about MDB's accounting and factual investigation which occurred entirely after discovery in February 2005.

During discovery, Insurance Company took the deposition of Cary Hatch as the corporate designee of MDB and inquired about the full range of losses beginning in 1999. MDB did not restrict the Insurance Company's inquiry in any temporal or subject matter way. All of the witnesses to the entire 1999-2005 events of Essex's scheme were provided in MDB's answers to discovery and Insurance Company did not elect to depose anyone except Ms. Hatch. Finally, Insurance Company took the deposition of Marilyn Essex who asserted her privilege under the Fifth Amendment so that Insurance Company was not denied inquiry into the amended claims which it could have otherwise obtained.

Thus, both parties have all of the discoverable and available facts relevant and

related to the dishonest acts, credits, and insurance contracts.

3.   Denial of the leave to file the amended complaint does not foster judicial economy. MDB has instituted a second action alleging the same claims as those asserted in the Amended Complaint. Currently, there is a pending Motion to Consolidate these cases. These cases involve the same legal and factual issues and should be tried as one matter. The grant of leave to amend will allow that before the member of the Court to whom both cases are assigned. If leave to amend is granted (or consolidation alternatively, for that matter), the necessity for consolidation or the process of a second concurrent or subsequent lawsuit, failure to amend may ultimately result in consolidation. This Court should foster judicial efficiency and calendar control by granting MDB's Motion to Amend and permitting the amended complaint while at the same time mooting and disposing of the second action without addressing the motion for consolidation in the second case.

As neither party will suffer any prejudice and the Court's time will be more effectively utilized by addressing all factually and legally related matters in one action, leave to amend ought to be freely given. See Fed. R. Civ. P. 15(a).

WHEREFORE, based on the foregoing reasons, the interests of justice and judicial economy will be best served by granting the Motion of plaintiff MDB

Communications, Inc. For leave of this Court to file its First Amended Complaint and for such other and further relief as justice may require.

                PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG,
                EIG & COOPER, CHTD.

By: _____
     Roy Niedermayer, Esq. #180380

4800 Hampden Lane, 7th Floor
Bethesda, MD 20814
Telephone: (301) 951-4456

Attorney for Plaintiff