**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MDB COMMUNICATIONS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-CV-02131-PLF |
| | ) |
| HARTFORD CASUALTY INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO RECONSIDER, ALTER, OR AMEND
COURT ORDER OF MARCH 28, 2007**

Plaintiff, MDB Communications, Inc., by and through its counsel, Roy I. Niedermayer, Katharine O. Porwick, and Paley, Rothman, Goldstein, Rosenberg, Eig and Cooper, Chartered, moves this Court to reconsider, alter, or amend its Order dated March 28, 2007, denying the Motion for Summary Judgment of MDB[1/] and granting the Motion for Summary Judgment of Hartford Casualty Insurance Company on the grounds that:

(1)  the summary judgment evidentiary record does not support the Court's factual basis that MDB did not timely provide Hartford with documents regarding restitution in accordance with the terms of the insurance policies at issue; and

(2)  because MDB gave Hartford the restitution documents on June 10, 2005 within 30 days of Hartford's first request. In support thereof, MDB states as follows:

**I.    SUMMARY OF THE ARGUMENT.**

Hartford first requested that MDB provide copies of restitution documents

PALEY, ROTHMAN
GOLDSTEIN,
ROSENBERG,
EIG & COOPER
CHARTERED

Seventh Floor
4800 Hampden Lane
Bethesda, MD 20814
Phone (301) 656-7603
Fax (301)654-7354

---

[1/]    For consistency, plaintiff will use the same abbreviated references defined in its prior Motion for Summary Judgment and supporting Memorandum.

from its dishonest employee on May 12, 2005. MDB gave Hartford those documents on June 10, 2005, less than 30 days after Hartford's request. These facts are uncontradicted in the summary judgment record before the Court or by Hartford although possibly obscured by the presentation by MDB in its Memorandum in Opposition to Hartford's Summary Judgment Motion.

## II.    ARGUMENT.

### A.    THE UNDISPUTED EVIDENCE DEMONSTRATED THAT MDB TIMELY PROVIDED HARTFORD WITH DOCUMENTS REGARDING RESTITUTION RECEIVED FROM ITS DISHONEST EMPLOYEE.

#### 1.    MDB Provided Hartford with the Documents Regarding Restitution Within 30 Days of Its Written Request.

On May 12, 2005, Hartford first requested that MDB provide it with copies of any documents referencing restitution received by MDB from its dishonest employee. That letter states in relevant part:

> It is our understanding that the insured by their prior attorney entered into negotiations and executed an agreement with the principle [sic] involving some sort of lien or restitution. We request copies of that correspondence and any agreements, liens or documents executed.

Exhibit 6. Less than 30 days later, on June 10, 2005, <u>MDB provided Hartford with copies of the documents supporting restitution received by MDB</u> from its dishonest employee. In a letter from MDB's counsel to Hartford, MDB stated:

> After further research and investigation, I have enclosed those documents requested by your prior letter . . . which I was able to procure from the insured's former counsel. These are the correspondence with the wrongdoer and any agreements entered in to between the wrongdoer and the insured.

Exhibit 8. Hartford acknowledged actual receipt of the restitution documents and knowledge of the amount of restitution recovered by MDB on June 14, 2005 in its return

letter. Hartford's correspondence said:

> We are in receipt of your letter dated June 10, 2005 with enclosures. <u>We have reviewed the enclosures and note that our policyholder has received restitution in excess of $276,960</u> from the principle [sic].

Exhibit 9 (emphasis added). Hartford's recognition that the amount of restitution exceeded $276,960 could only have be derived from the documents provided. Thus, there can be no genuine dispute that MDB timely responded and provided Hartford with the restitution documents which Hartford wanted. Indeed, Hartford conceded these events and the receipt in its Motion for Summary Judgment. In its Statement of Undisputed Facts, Hartford agreed:

> The documents MDB submitted in support of its claim demonstrated that it had been fully compensated by Ms. Essex for losses incurred while the Hartford policy was in effect. Hartford rejected Plaintiff's proofs of loss by correspondence dated August 11, 2005.

Defendant's Motion for Summary Judgment at p. 3, ¶ 5. Hartford could not have asserted on August 11, 2005 that MDB had been "fully compensated" if Hartford had not seen and reviewed documents showing how much restitution MDB had recovered from its dishonest employee.

MDB placed this evidence before the Court in its chart of events presentation in its Opposition to Hartford's Motion for Summary Judgment ("MDB's Opposition"). It showed that the Court was mistaken in its factual basis that MDB did not give Hartford documents regarding restitution when requested. This certainly does not suggest a deliberate refusal ("explicitly refused") by MDB to provide Hartford the requested restitution documents. Opinion at 13 and 15. MDB seems to have confused the Court with its inartful chart in MDB's Opposition by an overly abstract summary of the content of the letters and exchange of documents between counsel which were attached as actual exhibits to MDB's

Opposition.[2/]  MDB accepts responsibility for this possible confusion.  Regardless of its presentation, however, the primary documents undisputedly demonstrate that on June 10, 2005, within 30 days of the request, MDB gave Hartford the very documents regarding restitution received from its dishonest employee for which Hartford had asked.  Hartford's own letter dated June 14, 2004 confirms receipt of the requested restitution documents.

> 2.    MDB Had No Contractual Obligation Under the Policies to Provide Hartford with the Restitution Documents Prior to Hartford's Request on May 12, 2005.

The Policies required MDB to give Hartford the documents requested by Hartford for inspection and investigation of the claim as the Court stated in its Opinion that the policies at issue "expressly conditioned the right to bring suit against Hartford on 'full compliance with the terms of this insurance'" and that MDB was required to permit Hartford to "inspect the property and records proving loss or damage" and send Hartford a "signed, sworn statement of loss containing the information we request to investigate the claim [within] 60 days after our request."  Opinion at 12 (citing Special Property Coverage Form, Policy).  If the Court based its ruling on the Policies' requirement that MDB provide Hartford with the restitution documents concurrently with the Proofs of Loss, that conclusion is not supported in Policy 1 or Policy 2 or by the evidentiary record.

In February 2005, MDB's prior counsel provided Hartford with timely notice of its

---

[2/]  The exhibits were properly verified and authenticated through the accompanying affidavit of Roy I. Niedermayer, counsel for MDB.  The chart, although not primary evidence, was not an impermissible method of presentation of a summary of many pages of evidentiary writing that were undisputed and otherwise properly before the Court. *See* Fed. R. Evid. 1006 ("The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation.")  Indeed, Hartford did not challenge or dispute any of the assertions made by Mr. Niedermayer in his Affidavit.  For the Court's convenience, MDB has attached as an exhibit to the present Motion the Affidavit of Roy I. Niedermayer with the accompanying exhibits first attached and filed with MDB's Opposition.

-4-

claims for losses under Policy and Policy 2 because of employee dishonesty.  Hartford responded on February 15, 2005, in accordance with the policy provisions, by notifying MDB it had 60 days (or until April 16, 2005) to submit Proofs of Loss, a Safe Haven signature form, and the following identified documentation supporting its losses:

1. Proof of employment for each alleged wrongdoer that you name on the Proof of Loss.  This includes a copy of the personnel file, position description, most recent known address and telephone number, and W-2 form.

2. Copies of police report.

3. Copies of any correspondence between the insured and each alleged wrongdoer.

4. Copies of documentation you may have to support your claim. (ie: copies of cancelled checks, daily sales reports, credit card invoices).

Exhibit 20.

At that time, neither the Proof of Loss forms nor the February 15, 2005 letter from Hartford specifically requested documents regarding any restitution received by MDB from the dishonest employee.   Hartford did request copies of <u>correspondence</u> between the insured and the dishonest employee, but there was no request at that time by Hartford for agreements or liens showing restitution received by MDB from its dishonest employee. MDB did not know what additional documents, other than those explicitly requested, Hartford wanted to review.

Within the 60 day period, on April 11, 2005, MDB's counsel provided Hartford with executed and notarized Proofs of Loss for claims under Policies 1 and 2 and the following documents:

1. Copies of forged checks during the Policy Periods 1 and 2,

2. A copy of the dishonest employee's, Marilyn Essex, employment

-5-

>     agreement,
>
> 3. A copy of Ms. Essex's W-2,
>
> 4. An acknowledgment from Ms. Essex admitting responsibility for the forgery and a statement by Mr. Niedermayer that if any other communications with Ms. Essex are necessary, then he will "ascertain what exists and produce them if requested."

Exhibit 2. In the Proofs of Loss themselves, MDB identified the existence of restitution and brought this to Hartford's attention.

Further, Mr. Niedermayer explained in his accompanying cover letter that a police report had not yet been provided by the Metropolitan Police Department, but that a copy would be forwarded upon receipt. Mr. Niedermayer closed the letter with "<u>If there are any other actions you wish the Insured to take or any additional information you request, please communicate with me and I will endeavor to gather and provide the data as soon as possible</u>." Exhibit 2 (emphasis added).

On May 2, 2005, Hartford again requested copies of "ANY correspondence between the insured and the wrongdoer." Exhibit 3 (emphasis added). MDB's counsel promptly responded on May 5, 2005, that MDB had provided Hartford with all correspondence which established liability on behalf of the dishonest employee, but that if Hartford requested any other correspondence, to specify what else it was requesting. Exhibit 4. On May 6, 2005, MDB's counsel sent a second letter to Hartford stating that there was no additional written or email correspondence with Ms. Essex regarding the forgeries. Exhibit 5.

On May 12, 2005, <u>for the first time</u> Hartford replied that it was seeking not only correspondence, but any "agreements, liens or documents executed" in furtherance of restitution received by MDB. Exhibit 6. Thereafter, on June 10, 2005, <u>MDB promptly provided Hartford with copies of documents supporting all restitution received by MDB</u>.

-6-

Exhibit 8. MDB could not give Hartford documents Hartford had never identified or requested prior to May 12. Moreover, based on their plain language, there can be little dispute that the Policies themselves and the Proofs of Loss did not request or require MDB to provide Hartford with restitution documents before May 12. In fact, when requested, MDB complied with the terms of the Policies by giving Hartford the requested documents, promptly responding to Hartford's additional requests, and even volunteering to provide more if Hartford would just identify what it wanted.

> B. MDB HAD NO OBLIGATION UNDER THE POLICIES TO AGREE WITH HARTFORD'S APPLICATION OF RESTITUTION.

The Court also implicitly suggests that MDB further breached the terms of the Policies by failing to agree with Hartford's method of how to apply the restitution that was received from MDB's dishonest employee.[3/] Opinion at 12-13. There is no explicit provision in either of the Policies addressing Hartford's entitlement, *vel non*, to a credit for any such restitution payments in the nature of subrogation or reduction of the amount of any claimed loss. MDB Apx. 1-122 (attached to MDB's Motion for Summary Judgment). Indeed, there is no provision describing or requiring how you calculate the amount of or proof of any claimed loss in a situation like this. With the existence of such ambiguity, Hartford may not be entitled to any such credit to the extent that the lack of such provision must be construed most favorably for MDB and against Hartford as the drafter of the policies. *Travelers Indemnity Co. of Ill. v. United Food & Comm. Workers Internat'l Union,* 770 A. 2d. 978 (D.C. 2001). In any case, if the parties could not agree, this is the stuff of lawsuits and, at the very least, this disagreement between the parties results in a dispute

---

[3/] The Court also provides in this section of its Opinion that MDB failed to provide Hartford with the requested restitution documents. As explained more fully above, MDB undisputedly provided Hartford with the restitution documents on June 10, 2005. Exhibit 8.

-7-

of fact and precludes summary judgment in favor of Hartford. It is not a *per se* bar to any recovery prior to a judicial proceeding.

### C. ALTERNATIVELY, THERE IS A MATERIAL DISPUTE OF FACT ABOUT WHETHER MDB PROVIDED HARTFORD WITH THE REQUESTED DOCUMENTATION.

Alternatively, summary judgment cannot be granted in favor of Hartford because there is a material dispute of fact regarding whether MDB provided Hartford with requested documentation pursuant to the relevant policies. MDB has put forth evidence that it provided Hartford the documentation regarding restitution on June 10, 2005. Exhibit 8. Hartford acknowledged receipt of the restitution documents by letter on June 14, 2005. Exhibit 9. Nevertheless, on August 11, 2005, Hartford sent a letter rejecting MDB's claims and permitting MDB to submit "revised proofs of loss" and accompanying documentation, including:

> Documentation of any and all restitution received by the insured relating to any theft by Ms. Essex, including all correspondence, agreements, copies of checks received in restitution, and bank statements showing the deposit of any and all monies received in restitution; and

Exhibit 11. Therefore, to the extent there is a dispute about whether MDB provided Hartford with the required restitution documents on June 10, 2005, summary judgment cannot be granted in either party's favor, especially Hartford's favor.

## III. RELIEF.

MDB requests that the Court reconsider the primary documents in the record and alter or amend its original Order of March 28, 2007 by vacating the grant of Summary Judgment to Hartford and entering a denial of Hartford's Motion for Summary Judgment, if the Court agrees with MDB that the summary judgment evidentiary record does not support the version of the facts on which it based its ruling. MDB also requests that the

-8-

Communications, Inc. respectfully requests this Court to alter or amend its March 28, 2007 Order and grant the relief requested in the attached order.

                                PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG, EIG & COOPER, CHTD.

                                By: _____
                                     Roy Niedermayer, Esq. #180380
                                     Katharine O. Porwick, *pro hac vice*

                                4800 Hampden Lane, 7th Floor
                                Bethesda, MD 20814
                                Telephone: (301) 951-4456

                                Attorneys for Plaintiff