IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MDB COMMUNICATIONS, INC., | * |
| Plaintiff, | * |
| v. | * Civil Case No.: 06-CV-000604-PLF |
| HARTFORD CASUALTY INSURANCE COMPANY, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S SECOND
COMPLAINT AND OPPOSITION TO PLAINTIFF'S MOTION TO
RECONSIDER, ALTER, OR AMEND COURT ORDER OF MARCH 28, 2007**

Defendant, The Hartford Casualty Insurance Company ("Hartford"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 56, moves the Court to grant summary judgment in favor of Hartford as to Plaintiff's Second Complaint and states:

1. Marilyn Essex ("Essex"), while employed as Plaintiff MDB Communications, Inc.'s ("MDB") bookkeeper from 1998-2005, used her access to Plaintiff's books and financial records to divert Plaintiff's funds for her own use with forged checks.

2. Hartford provided a commercial package of insurance under Policy No. 42 SBA EV9713 DV to Plaintiff for its property and business located at 1050 17th St., NW, Suite 500, Washington, D.C. 20036, for the six relevant policy periods running from 1999-2005 beginning and ending on July 28 of each year. *Exhibit A to Def.'s Mot. for Summ. Judgment as to Case 1, April 3, 2006, certified copy of Hartford's insurance policies for the two policy periods 2003 - 2005; Exhibits 1-4 certified copy of Hartford's Insurance Policies for the four policy periods of 1999-2003.*

3.      Plaintiff discovered the embezzlement on or about February 7, 2005 and proceeded on its own to investigate its losses and negotiate a settlement with Ms. Essex totaling over $279,000.

4.      On or about February 15, 2005, in response to MDB's notice of loss, Hartford requested MDB complete a proof of loss form and provide, among other things, copies of documentation to support the claim within 60 days. *Attached as Exhibit A to Exhibit 20 Neidermayer Affidavit attached to Pl's. Mot. to Reconsid. Alter, or Amend Court Order of March 28, 2007 ("Pl.'s Mot to Reconsid.")*

5.      On or about April 12, 2005, Plaintiff submitted two proofs of loss dated April 8, 2005 to Hartford, one for each of the relevant policy periods, noting its loss of $153,857.47 from July 28, 2003 to July 28, 2004; and $76,882.62 from July 28, 2004 to July 28, 2005. *Exhibit 7.*[1] These proofs of loss also noted that Plaintiff had already received monies in restitution from Ms. Essex, but applied this recovery to losses occurring prior to July 28, 2003. *Id.*

6.      While MDB submitted some documentation relating to its agreement with Essex it failed to submit documentation addressing the total loss incurred or the potential credits based upon the restitution MDB had received. As a result, Hartford rejected Plaintiff's proofs of loss. *Exhibit 8.* Hartford simultaneously agreed to permit Plaintiff to submit new proofs of loss and/or documentation demonstrating that it had not been fully compensated if it did so within the 30 days. *Id.* No such documentation was submitted; instead, MDB opted to file suit against Hartford alleging breach of the insurance contract as to the two policies in effect from July 28, 2003 – July 28, 2004 and July 28, 2004 – July 28, 2005 ("Case 1"). *Exhibit 9.*

---

[1] There is a discrepancy between the amount claimed by Plaintiff on its proofs of loss (Exhibit 7) and its Complaint. These amounts differ from those presented in the records produced by Plaintiff and reviewed by Hartford's accounting expert. *See Exhibit 14.*

7. On March 31, 2006, after the close of discovery, and less than one business day before the dispositive motions deadline, Plaintiff submitted for the first time four new proofs of loss for the four policy periods from 1999-2003 beginning and ending on July 28 of each year. *Ex. 6 copies of proofs of loss submitted to Hartford.* On the same day, Plaintiff filed a Motion to Amend its Complaint in this case and an additional Complaint ("Case 2") against Hartford concerning the four new proofs of loss alleging Hartford breached the insurance policy by failing to pay these new claims.

8. On April 20, 2006, this Court issued an order consolidating the Plaintiff's new case ("Case 2") with its first case ("Case 1").

9. On April 3, 2006, Hartford filed a Motion for Summary Judgment and supporting memoranda based upon Plaintiff's breach of the policy provisions. On March 28, 2007, this Court granted Hartford's Motion for Summary Judgment as to the claims in Case 1.

10. On or about April 15, 2007, the Plaintiff filed a Motion to Reconsider, Alter or Amend Court Order of March 28, 2007.

11. In this Motion, Hartford requests this Court grant summary judgment in its favor as to the claims in Case 2 due to Plaintiff's breach the policy conditions and also opposes Plaintiff's Motion to Reconsider, Alter, or Amend Court Order of March 28, 2007. As more fully explained in Hartford's Memorandum of Law, and as the Court foresaw in its Opinion granting summary judgment in Case 1, the policy language in the prior policy periods is identical. Summary judgment is therefore once again appropriate based upon essentially the same legal basis; MDB failed to timely comply with policy conditions requiring proofs of loss with supporting documentation.

12. Additionally, Plaintiff presents no evidence that it *ever* provided the documentation requested by Hartford as to the claims in Case 1, timely or otherwise. Having raised no new arguments, and having failed to present evidence that it complied with policy conditions, Plaintiff's Motion to Reconsider, Alter, or Amend Court Order of March 28, 2007 should be denied.

WHEREFORE, Defendant Hartford Casualty Insurance Company, moves the Court to grant summary judgment in favor of Hartford and such other and further relief as the Court deems proper.

Respectfully submitted,

_____/s/_____
GEORGE E. REEDE, JR., Bar No. 43062
Niles, Barton & Wilmer, LLP
111 S. Calvert St., Suite 1400
Baltimore, MD 21202
Telephone: (410)783-6300
Fax: (410)783-6410
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __30th__ day of April 2007, a copy of the foregoing Motion for Summary Judgment Upon Plaintiff's Second Complaint was served via electronic transmission upon:

Roy I. Niedermayer, Esquire
Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chtd.
4800 Hampden Ln., 7th Floor
Bethesda, MD 20814
*Attorney for Plaintiff*

_____/s/_____
GEORGE E. REEDE, JR., Bar No. 43062

ND: 4847-6216-1665, v. 1