IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MDB COMMUNICATIONS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Case No.: <u>05-CV-02131-PLF</u> |
| v. | * | |
| | * | |
| HARTFORD CASUALTY INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF SUMMARY
JUDGMENT AS TO PLAINTIFF'S SECOND COMPLAINT
AND OPPOSITION TO PLAINTIFF'S MOTION TO
<u>RECONSIDER, ALTER, OR AMEND COURT ORDER OF MARCH 28, 2007</u>

**A.**      **Introduction**

On March 28, 2007, this Court issued an Order granting Defendant, Hartford

Casualty Insurance Company ("Hartford") summary judgment as to the claims contained

in Case 1. Plaintiff's claims as to Case 1 were barred as Plaintiff, MDB

Communications, Inc. ("MDB"), failed to comply with the conditions of the Hartford

policy of insurance by refusing to provide information regarding the restitution already

received from the employee responsible for its losses. For these same reasons, Hartford

requests that this Court grant summary judgment in its favor as to the claims in Case 2.

In this case, MDB's failure to comply with the policy conditions is even more egregious,

having failed to submit proofs of loss and supporting documentation for over a year after

Hartford's original request. Summary judgment is once again appropriate.

Additionally, in its Motion to Reconsider, Alter, or Amend Court Order of March

28, 2007, MDB has failed to allege any evidence that it ever produced the restitution

documents Hartford requested in Case 1. Therefore, this Court's Order granting

summary judgment for the Defendant as to Case 1 should be sustained.

**B.      Undisputed Facts**

1.      While employed as Plaintiff's bookkeeper from 1998-2005, Marilyn Essex

used her access to MDB's books and financial records to divert MDB's funds to her own

using forged checks. *Exhibit 10,* Deposition Transcript of Cary Hatch, at 9:4, 45:20-

50:10. According to the Plaintiff, Essex embezzled at total of $180,359.71 over the two

year periods at issue in Case 1[1], a total of $415,121.88 over the four policy periods at

issue in Case 2[2] for a grand total of $595,481.95. Complaint at ¶¶ 14, 31; *Hatch Aff. ¶21-*

*24.*

2.      Hartford provided a commercial package of insurance under Policy No. 42

SBA EV9713 DV to Plaintiff for its property and business located at 1050 17th St., NW,

Suite 500, Washington, D.C. 20036, for the six relevant policy periods running from

1999-2005 beginning and ending on July 28 of each year. *Exhibit A to Def.'s Mot. for*

*Summ. Judgment as to Case 1 certified copy of Hartford's insurance policies for the two*

*policy periods 2003 - 2005; Exhibits 1-4 certified copy of Hartford's Insurance Policy*

*for the four policy periods of 1999-2003*. Hartford's insurance policy provided various

insurance coverages, including an endorsement to the Special Property Coverage Form

providing Employee Dishonesty Coverage. *Exhibit A, Tabs 1, 2; Exhibits 1-4, Tabs 1,*

*2, 3, 4.* As noted in the policy declarations, the Employee Dishonesty Coverage had a

limit of $10,000 for the 1999-2000 policy period, a limit of $25,000 for the 2000-2001,

---

[1] Essex embezzled $103,477.09 from July 28, 2003 to July 28, 2004 and $76,882.62 from July 28, 2004 to
July 28, 2005, i.e., a total of $180,359.71 over the two year periods at issue in Case 1,

2001-2002 and 2002-2003 policy periods and a limit of $20,000 for the 2003-2004 and 2004-2005 policy periods. *Exhibit A, Tabs 3,4; Exhibits 1-4, Tabs 5,6,7,8.*

3.      Plaintiff discovered the embezzlement on or about February 7, 2005 and proceeded on its own to investigate its losses and negotiate a settlement with Ms. Essex totaling over $279,000. *Exhibit 11* 40:19-22; 50-56; 71:10-75:4; *Exhibit 12*, Expert Report dated November 18, 2005.

4.      On or about February 15, 2005, in response to MDB's notice of loss, Hartford requested MDB complete a proof of loss form and provide, among other things, copies of documentation to support the claim within 60 days. *Attached as Exhibit 20 to Exhibit A Neidermayer Affidavit attached to Pl.'s. Mot. to Reconsid., Alter, or Amend Court Order of March 28, 2007 ("Pl.'s Mot. to Reconsid.")*

5.      On or about April 12, 2005, Plaintiff submitted two proofs of loss dated April 8, 2005 to Hartford, one for each of the relevant policy periods, noting its loss of $153,857.47 from July 28, 2003 to July 28, 2004; and $76,882.62 from July 28, 2004 to July 28, 2005. *Exhibit 7.*[3] These proofs of loss also noted that Plaintiff had already received monies in restitution from Ms. Essex, but applied this recovery to losses occurring prior to July 28, 2003. *Id.*

6.      On or about May 2, 2005 and May 12, 2005, Hartford requested copies of any correspondence or agreements, liens or documents between MDB and Ms. Essex. *Ex. 13 and Ex. 6 to Pl.'s Mot. to Reconsid.* Additionally, Hartford requested

---

[2] Essex embezzled $79,219.51 from July 28, 1999 to July 28, 2000, $102,230.72 from July 28, 2000 to July 28, 2001, $126,330.44 from July 28, 2001 to July 28, 2002, $107,341.21 from July 2002 to July 28 2003, a total of $415,121.88 over the four policy periods at issue in Case 2 for a grand total of $595,481.95.
[3] There is a discrepancy between the amount claimed by Plaintiff on its proofs of loss (Exhibit 7) and its Complaint. These amounts differ from those presented in the records produced by Plaintiff and reviewed by Hartford's accounting expert. *See Exhibit 14.*

correspondence between MDB and the Bank of America regarding this matter and clarification on MDB's proof of loss form.  *Ex. 6 to Pl.'s Mot. to Reconsid.*

7.     On June 14, 2005, Hartford again requested clarification on MDB's proof of loss form.  *Ex. 9 to Pl.'s Mot. for Reconsid.*

8.     The documentation MDB submitted in support of its claim demonstrated that it had been compensated by Ms. Essex for losses incurred while the Hartford policy was in effect, but failed to address the total loss incurred or the potential credits based upon the restitution MDB had received.  Therefore, Hartford rejected Plaintiff's proofs of loss by correspondence dated August 11, 2005.  *Exhibit 8.*  Hartford simultaneously agreed to permit Plaintiff to submit new proofs of loss and/or documentation demonstrating that it had not been fully compensated if it did so within the 30 days.  *Id.*  Specifically, Hartford's counsel requested, among other things, "bank statements for the entire period of Ms. Essex's conduct; Marilyn Essex's personnel file and all W2s for the entire period of her employment by the insured; documentation of any and all restitution received by the insured relating to any theft by Ms. Essex, including all correspondence, agreements, copies of checks received in restitution, and bank statements showing the deposit of any and all monies received in restitution; and the insured's general ledger entries for the entire period of Ms. Essex's conduct."  *Id.*

9.     Plaintiff submitted the identical proofs of loss with limited additional documentation on September 8, 2005, but again failed to provide any documentation establishing that it had not been fully compensated by Ms. Essex as specifically requested by the Hartford in its August 11, 2005 correspondence. *Exhibit 13 to Pl.'s Mot. to Reconsid.*

10.    Plaintiff filed its first lawsuit ("Case 1") against Hartford on October 7, 2005 in the Superior Court for the District of Columbia alleging Hartford breached the insurance policy by failing to make payment for its claim.  On November 1, 2005, Hartford removed that action to this Court.

11.    On February 28, 2006, the day before the close of discovery in Case 1, MDB's President and CEO, Cary Hatch, testified as follows:

> Q:  Is it your understanding that MDB Communications has only filed a claim with the Hartford for losses from 2003 through 2005 related to the theft?
> **A:  That is my understanding.**
> Q:  Okay.  And that no other claim has been filed with any insurer for losses occurring prior to July 28, 2003?
> **A:  No, not at this point.**
> Q:  Okay.  Does MDB have any plans to file a claim with the prior insurer?
> **A:  Not at this time.**
> Q:  Okay.  Is there any piece of information that MDB is waiting for in regards to making a decision about filing a claim with another insurer?
> **A:  Not that I am aware of today.**

*Exhibit 5, Hatch Deposition at 81:4-18.*

12.    On March 31, 2006, after the close of discovery, and less than one business day before the dispositive motions deadline, Plaintiff submitted for the first time four new proofs of loss for the four policy periods from 1999-2003 beginning and ending on July 28 of each year.  *Ex. 6 copies of proofs of loss submitted to Hartford.*  On the same day, Plaintiff filed a Motion to Amend its Complaint in this case and an additional Complaint ("Case 2") against Hartford concerning the four new proofs of loss alleging Hartford breached the insurance policy by failing to pay these new claims.

13.    On April 20, 2006, this Court issued an order consolidating the Plaintiff's new case ("Case 2") with its first case ("Case 1").

14.    On March 28, 2007, this Court granted Defendant's Motion for Summary Judgment as to the claims in the Complaint in Case 1 and denied Plaintiff's motion to amend the Complaint in Case 1 as moot.  In this Opinion, this Court indicated that "[i]f there were undisputed evidence before the Court that the four policies at issue in Case 2 had the identical relevant language as the policies at issue in Case 1, the analysis [used to dispose of the claims in Case 1] might be dispositive of the claims in the Complaint in Case 2 as well."  *Opinion* 16-17.

15.    On or about April 15, 2007, the Plaintiff filed a Motion to Reconsider, Alter or Amend Court Order of March 28, 2007.

**C.    Relevant Policy Provisions**

As noted above, Hartford issued Policy No. 42 SBA EV9713 to MDB for the two policy periods involved in Case 1 and the four policy periods involved in Case 2.  *Exhibits A to Def.'s Mot. for Summ. Judgment as to Case 1, April 3, 2006, and Exhibits, 1-4.*  The policy language and provisions relevant to the instant case are the same for all policy periods.  The Special Property Coverage Form at Section E, Property Loss Conditions, includes the following:

> **3. Duties In The Event Of Loss Or Damage**
> You must see that the following are done in the event of loss or damage to Covered Property:
>
> *        *        *
>
> **f.**  *Permit us to inspect the property and records proving loss or damage.*  Also permit us to take samples or damaged property for inspection, testing and analysis.
>
> *        *        *
>
> **h.**  *Send us a signed, sworn statement of loss containing the information we request to investigate the claim.  You must do this within 60 days after our request.*  We will supply you with the necessary forms.

*          *          *

**4. Legal Action Against Us**
No one may bring a legal action against us under this insurance unless:

  **a.** *There has been full compliance with all of the terms of this insurance.*

*          *          *

**6. Recovered Property**
If either you or we recover any property after loss settlement, that party must give the other prompt notice. At your option, you may retain the property. But then you must return to us the amount we paid to you for the property. We will pay recovery expenses and the expenses to repair the recovered property subject to the Limit of Insurance.

*Ex. A at Tab 7*; *Ex. 1-4 at Tabs 9, 10, 11, 12* (emphasis added).

The policy provisions at issue in this matter are clear and unambiguous. The insured must permit inspection of its records which prove its loss or damage and submit sworn proofs of loss within 60 days of Hartford's request, and the proofs of loss must contain the requested information supporting the insured's claim. Furthermore, the insured may not proceed with legal action against Hartford unless it has complied with all of the policy provisions. Following a loss and upon payment for a claim, the insured must transfer any rights of recovery to Hartford and must not do anything to impede them.

**D.  Argument**

    **1.      Standard of Review for Summary Judgment**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving parties are entitled to a

7

judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable fact-finder to return a verdict for either party. *Id.* at 252. The non-moving party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of fact for trial. *Cellotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Furthermore, District of Columbia courts have recognized that the resolution of the interpretation of insurance policies is particularly amenable by means of summary judgment as "written contract duly signed and executed speaks for itself and binds the parties without the necessity of extrinsic evidence." *Travelers Indem. Co. v. United Food & Commercial Workers Int'l Union*, 770 A.2d 978, 985 (D.C. 2001) (citations omitted).

> **2.    MDB's failure to submit timely proofs of loss and supporting documentation relieves Hartford from liability on the policies of insurance at issue in Case 2.**

In its Opinion granting Hartford summary judgment as to Case 1, this Court held that MDB's failure to provide the information requested by Hartford released Hartford of liability on the policies at issue in Case 1. *Opinion* 12. The Court based its holding on the policy's language that required full compliance with all of the policy's terms as a prerequisite to bringing suit and the District of Columbia Court of Appeals holding in *Travelers Indem. Co. of Illinois v. United Food and Commercial Workers Int'l Union,* 770 A.2d 978 (D.C. 2001) that failure to comply with the notice provisions will release the insurer of liability on a policy that requires compliance with its terms a condition precedent to liability. *Opinion 12.* The policies at issue in Case 1 required the insured to submit "a signed sworn statement of loss containing the information we request to investigate the

8

claim" within 60 days of the request and permit the defendant "to inspect the property and records proving loss or damage." *Id.* The policies at issue in Case 2 also contain the identical language.

There are four policies at issue in Case 2, namely the policies that ran from July 28, 1999 to July 28, 2000; July 28, 2000 to July 28, 2001; July 28, 2001 to July 28, 2002 and July 28, 2002 to July 28, 2003. Each of these policies contains the following language:

> **3. Duties In The Event Of Loss Or Damage**
> You must see that the following are done in the event of loss or damage to Covered Property:
>
>          \*         \*         \*
>
>    **f.** *Permit us to inspect the property and records proving loss or damage.* Also permit us to take samples or damaged property for inspection, testing and analysis.
>
>          \*         \*         \*
>
>    **h.** *Send us a signed, sworn statement of loss containing the information we request to investigate the claim. You must do this within 60 days after our request.* We will supply you with the necessary forms.
>
>          \*         \*         \*
>
> **4. Legal Action Against Us**
> No one may bring a legal action against us under this insurance unless:
>
>   **a.** *There has been full compliance with all of the terms of this insurance.*
>
>          \*         \*         \*
>
> **6. Recovered Property**
> If either you or we recover any property after loss settlement, that party must give the other prompt notice. At your option, you may retain the property. But then you must return to us the amount we paid to you for the property. We will pay recovery expenses and the expenses to repair the recovered property subject to the Limit of Insurance.

*Ex. 1-4 at Tabs 9, 10, 11, 12.*  On February 15, 2005, Hartford requested that MDB submit

proofs of loss and supporting documentation for its claim.  *Attached as Exhibit 20 to*

*Exhibit A Neidermayer Affidavit attached to Pl.'s. Mot. to Reconsid.*  On April 12, 2005

MDB submitted proofs of loss for the policy periods of July 28, 2003- July 28, 2004 and

July 28, 2005 to July 28, 2006.  *Exhibit B to Def.'s Mot for Summ. Judgment as to Case 1.*

        Despite Hartford's requests, MDB failed to submit supporting documentation

addressing the total loss incurred by MDB and the restitution credits MDB had received

from Ms. Essex.   As a result, Hartford rejected these proofs of loss in a letter through

counsel of August 11, 2005.  *Exhibit 8.*  In this same letter, Hartford offered MDB a second

chance opportunity to submit new proofs of loss and supporting documentation within thirty

days.  *Id.*  However, MDB did not use this opportunity to timely submit proofs of loss for

the 1999-2003 policy periods.  Instead, MDB resubmitted the same proofs of loss for the

2003-2004 and 2004-2005 policy periods.  Shortly thereafter, Hartford's counsel asked

MDB's President in a deposition if MDB intended to file a claim for the policies of

insurance in effect before July 28, 2003.  *Exhibit 5, Hatch Deposition at 81:4-18.*  MDB's

President testified, under oath, that MDB did not intend to submit additional proofs of

loss for this time period.  *Id.*

        Approximately one month later, on March 31, 2006, MDB submitted four

additional proofs of loss for the 1999-2003 policy periods and simultaneously initiated an

additional lawsuit concerning the new proofs of loss ("Case 2").  *Exhibit 6.*  This submission

occurred well over a year after Hartford's initial February 15, 2005 request that a proof of

loss be submitted within 60 days, and over seven months after Hartford gave MDB another

opportunity to submit proofs of loss within 30 days.  Thus, in submitting additional proofs

of loss MDB failed to comply with the policy conditions regarding timely submission of proofs of loss. Additionally, this submission failed to include supporting documentation demonstrating whether or not MDB had been fully compensated by Ms. Essex through restitution.

In its March 28, 2007 Opinion in this case, this Court concluded that MDB breached the provision of the insurance policy requiring it to submit the information requested by the insurance company, and held that this breach barred MDB from bringing suit on the two insurance policies at issue in Case 1. *Opinion* at 15. In the same Opinion, this Court indicated that "[i]f there were undisputed evidence before the Court that the four policies at issue in Case 2 had the identical relevant language as the policies at issue in Case 1, [the analysis used by the court to dispose of the claims in Case 1,] might be dispositive of the claims in the Complaint in Case 2, as well." *Opinion* 16-17.

Summary judgment in favor of Hartford is in fact again appropriate in Case 2. MDB's submission in Case 2 failed to comply with the policy condition requiring submission of proofs of loss and supporting documentation within 60 days of Hartford's request.[4] As compliance with all of the policy terms is a prerequisite to bringing suit, MDB's failure to comply extinguishes Hartford's liability on the policy. Accordingly, summary judgment in Hartford's favor is appropriate in Case 2.

---

[4] Although Hartford did not have the opportunity to specifically ask for the restitution documents in relation to the March 31, 2006 proof of loss submission, Hartford did request this information with regard to the proofs initially submitted, and obviously had no opportunity to again request the documents. MDB's failure to provide documentation to support its March 31, 2006 proof of loss submission also relieves Hartford from liability on the policy.

**3.    MDB failed to provide the documents requested by Hartford pursuant to the terms of the policy.  Therefore, no dispute of material fact exists, and the Court's Opinion should stand.**

As indicated previously, in its Opinion this Court held that MDB's failure to provide the information requested by Hartford and submit "a signed, sworn statement of loss containing the information Hartford requested to investigate the claim within 60 days of our request" released Hartford of liability on the policy for Case 1.  *Opinion* 12.  In its motion to reconsider, alter or amend the Court's order of March 28, 2007, the Plaintiff alleges the undisputed evidence demonstrates that MDB timely provided Hartford with *some* documents regarding restitution, those it was willing to provide, and that a material dispute of fact exists as to whether MDB provided Hartford with the requested documentation.[5]  Notably, however, the Plaintiff does not contend that it ever provided *all* of the restitution documents Harford requested – all of which were plainly material to Hartford's claim investigation.

In its February 15, 2005 correspondence Hartford requested documents to support MDB's claim.  Later, in its May 12, 2005 correspondence, Hartford requested copies of correspondence, agreements, liens or documents executed between MDB and the wrongdoing employee.  In response to this request, on June 10, 2005, MDB provided copies of correspondence and agreements between MDB and the wrongdoing employee.  No additional documents pertaining to the restitution payments were provided.

---

[5] MDB also alleges that it has no obligation under the policies to agree with Hartford's application of restitution.  However the Court does not address this argument in its March 28, 2007 Opinion.  Therefore, Hartford has not addressed this argument in its present motion.  Hartford directs the court to its prior argument regarding Subrogation Rights contained in Hartford's Motion for Summary Judgment as to Case 1 and its Reply in further support.

On August 11, 2005, Hartford agreed to permit MDB to submit new proofs of loss with proper documentation and specifically requested additional restitution documents. As noted by the Court, in its Opinion,

> [t]he August 11, 2005 letter from Harford to MDB rejected the previously filed proofs of loss because 'they fail to address the total loss incurred by the insured and the potential credits based upon the restitution [MDB] has received to date' [and gave the Plaintiff the opportunity to] submit revised proofs of loss within 30 days, accompanied by the requested documentation.

*Opinion* at 13. Among other things, Hartford specifically requested "[d]ocumentation of any and all restitution received by the insured relating to any theft by Ms. Essex, including all correspondence, agreements, copies of checks received in restitution, and bank statements showing the deposit of any and all monies received in restitution." *Exhibit 8.*

In its present motion MDB has failed to allege or present any new evidence that it *ever* provided the documentation requested in Hartford's August 11, 2005 letter. MDB's June 10, 2006 letter through counsel specifically states that it had only enclosed "the correspondence with the wrongdoer and any agreements entered in to between the wrongdoer and the insured." *Ex. 8 to Pl's Mot. to Reconsid.* MDB did not provide copies of the restitution checks received by MDB or copies of bank statements showing the deposit of monies received in restitution that were requested by Hartford. Having failed to present evidence that it *ever* provided the documents Hartford requested—timely or otherwise—MDB has failed to present any reason for this Court to reconsider its decision. Summary judgment remains appropriate based upon Plaintiff's failure to comply with policy conditions prior to filing suit-- *twice* against the Defendant Hartford Casualty Insurance Company.

**E.     Conclusion**

Hartford is entitled to summary judgment in Case 2 for the same reasons that led this Court to grant summary judgment in Hartford's favor in Case 1. The Plaintiff's failure to submit timely proofs of loss and supporting documentation for the 1999-2003 policy periods is a breach of the policy conditions. This breach extinguishes Hartford's liability on the policy. Therefore, judgment in Hartford's favor is appropriate as a matter of law. Additionally, the Plaintiff has failed to demonstrate that it *ever* complied with the terms of the policy, having opted to file suit against Harford rather than providing the documents Hartford requested regarding restitution. Therefore, Plaintiff's Motion to Reconsider, Alter or Amend Court Order of March 28, 2007 should be denied.

Respectfully submitted,


_____/s/_____
GEORGE E. REEDE, JR.
D.C. Bar No. 43062
Niles, Barton & Wilmer, LLP
111 S. Calvert St., Suite 1400
Baltimore, MD  21202
Telephone:  (410)783-6300
Fax:  (410)783-6410
*Attorney for Defendant*

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __30th__ day of __April__ 2007, a copy of the

foregoing Memorandum of Law in Support of Defendant's Motion for Summary

Judgment as to Plaintiff's Second Complaint and Opposition to Plaintiff's Motion to

Reconsider, Alter, or Amend Court Order of March 28, 2007 was served via electronic

transmission and mail upon:

Roy I. Niedermayer, Esquire
Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chtd.
4800 Hampden Ln., 7th Floor
Bethesda, MD  20814
*Attorney for Plaintiff*


                        _____/s/_____
                        GEORGE E. REEDE, JR., Bar No. 43062


ND: 4826-9889-1777, v.  1