IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MDB COMMUNICATIONS, INC.,** | \* |
| | \* |
| Plaintiff, | \* |
| | \*   Civil Case No.: **05-CV-02131-PLF** |
| v. | \* |
| | \* |
| **HARTFORD CASUALTY INSURANCE** | \* |
| **COMPANY,** | \* |
| | \* |
| Defendant. | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AS TO PLAINTIFF'S SECOND COMPLAINT**

Defendant, Hartford Casualty Insurance Company ("Hartford"), through undersigned counsel, in further support of Hartford's Motion for Summary Judgment, states as follows:

**I. Plaintiff failed to present a timely, comprehensive and properly documented claim consistent with policy conditions.**

Hartford gave the Plaintiff, MDB Communications, Inc. ("MDB"), every opportunity to present a comprehensive claim; the requests for Proofs of Loss and documentation were not limited to any particular policy period, and required a complete, definitive presentation of MDB's claim consistent with policy conditions. MDB, for reasons of its own, opted to present it claim in a piecemeal fashion, on its own terms, and on its own schedule. Although it now seeks to characterize its conduct as compliance, MDB cannot escape historical fact, as evidenced by its

counsel's own correspondence. As a matter of law, judgment in Hartford's favor remains appropriate based upon MDB's well documented refusal to comply with policy conditions.[1]

The Court is all too familiar with the actual responses to Hartford's requests at this point, but in light of Plaintiff's most recent characterizations of those responses they bear emphasis here:

- April 12, 2005 - MDB submitted to Hartford two proofs of loss dated April 8, 2005 -- one for the 2003-2004 policy periods, noting a loss of $153,857.47, and one for the 2004-2005 policy periods noting a loss of $76,882.62.  *See* Def.'s Mot. for Summ. Judg. Complaint 2, *Ex. 7*.

- May 16, 2007 and June 10, 2005 -- MDB's responses failed to provide the requested proof of loss clarification.  *See Pl.'s Mot. to Reconsid. Ex. 7, 8 to Neidermayer Affidavit.*

- June 24, 2005 -- MDB indicated "the Proof of Losses submitted cover only those periods during which the two policies referenced in those Proof of Losses were in effect.  The periods covered were July 28, 2003 through July 28, 2004 through July 28, 2005.  **These are the only periods for which the insured was entitled to make a claim against the company**."  *Pl.'s Mot. to Reconsid. Ex. 10 to Neidermayer Affidavit.  (emphasis added).*

- September 8, 2005 -- MDB through counsel stated that "the original Proofs of Loss represent the losses and the amounts for which MDB understands the policies provide coverage.  … [T]he Proofs of Loss are accurate as originally submitted with respect to amounts claimed and credits applied.  By this letter, MDB is resubmitting the Proofs of Loss by incorporation." *Pl.'s Mot. to Reconsid. Ex. 13 to Neidermayer Affidavit.*

- MDB proceeded to file suit against Hartford alleging breach of the insurance contract for the two policies in effect from July 28, 2006 – July 28, 2007. ("Case 1")

- February 28, 2006 -- In a deposition in Case 1, MDB's President testified under oath that MDB had no plans to file any additional claims.  *Def.'s Mot. for Summ. Judg. 2nd Compl.* Ex. 5.

- March 31, 2006 -- After the close of discovery, and less than one business day before the dispositive motions deadline, MDB submitted four new proofs of loss for the four policy periods from 1999-2003. *Ex. 6 copies of proofs of loss submitted to Hartford.*  On the same day, Plaintiff filed a Motion to Amend its Complaint in this case and an additional

---

[1] Hartford is at a loss to understand how anything said in Hartford's motions papers can be construed as a concession that MDB complied with policy conditions, as MDB suggests. Suffice to say that Hartford makes no such concessions.

Complaint ("Case 2") against Hartford concerning the four new proofs of loss alleging Hartford breached the insurance policy by failing to pay these new claims.

Notably, MDB has never attempted to explain why it chose to deliberately and explicitly limit its claim to only two policy periods, and then abruptly reverse itself. MDB certainly could have presented a comprehensive claim in response to Hartford's requests, and has never suggested that it was unable to do so in a timely fashion. For reasons of its own, MDB opted to first pursue recovery directly against is former employee, and then present its claim with Hartford in a haphazard, inconsistent and untimely fashion, as if the conditions of the policy did not exist.  MDB cannot now escape the implications of its conduct by characterizing deliberate breaches of policy conditions as compliance with those conditions.

### II. Plaintiff ignores applicable law in an effort to impose a duty to demonstrate actual prejudice.

As this Court correctly noted in its decision granting summary judgment, the law of the District draws no distinction regarding the duty to provide timely notice of a claim and other similar policy conditions, e.g., proofs of loss and documentation of a claim.[2]  MDB now urges the Court to ignore that law, focusing exclusively on case relating to late notice without attempting to address case law on the primary issue at hand in Case 2 – the duty to submit timely proofs of loss. *Adelman v. St. Louis Fire and Marine Insurance Co.,* 293 F.2d 869 (D.C. Cir. 1961)(affirming grant of summary judgment for insurer due to insured's failure to file a timely, formal proof of loss)*; Glenco Corp. v. American Equitable Assurance Co.,* 289 F.2d 899 (D.C. Cir. 1961) *(*affirming grant of summary judgment for an insurer where insured had failed to

---

[2] "The Court sees no reason why compliance with all of the relevant clauses in the policy in this case should be treated any differently from compliance with a notice provision, particularly where, as here, the insurance policy requires compliance with *all* of its terms as a prerequisite to bringing suit.  *See e.g., Powell v. United States Fid. And Guar. Co.,* 855 F. Supp. 858, 861 (E.D. Va. 1994), *aff'd* 88 F.3d 271 (4th Cir. 1996)." *Opinion* at 12.

comply with the policy's proof of loss requirement). The Court of Appeals did not superimpose a requirement to demonstrate actual prejudice in either case; instead, as required by the law of the District, it construed and applied the policies as written, and enforced the policy conditions regarding proofs of loss accordingly.

Significantly, MDB alludes to the practice of looking to Maryland law where courts in the District have not addressed an issue – but then ignores Maryland law on the issue at hand. Maryland law does not require a showing of prejudice in the absence of a statutory requirement, and otherwise enforces compliance with policy conditions. *See Phillips v. Allstate Indemnity Co.,* 156 Md. App. 729, 848 A.2d 681 (Md. Ct. Spec. App. 2004)(affirming summary judgment where insured failed to cooperate with examination under oath and produce financial documents – without requiring showing of prejudice). Thus, even if courts in the District had not addressed the issue, Maryland law would require the same result; an insured must comply with policy conditions, and an insurer need not affirmatively demonstrate actual prejudice as a result.

### III. Conclusion

This Court correctly concluded that summary judgment was appropriate in Case 1 based upon Plaintiff's failure to comply with policy conditions. That rationale clearly extends and applies in Case 2 as well. Summary judgment is again appropriate in favor the Defendant, Hartford Casualty Insurance Company, and Defendant requests that its motion be granted accordingly.

Respectfully submitted,

_____/s/_____
GEORGE E. REEDE, JR.
D.C. Bar No. 43062
Niles, Barton & Wilmer, LLP
111 S. Calvert St., Suite 1400
Baltimore, MD  21202
Telephone:  (410)783-6300
Fax:  (410)783-6410
*Attorney for Defendant*

## TABLE OF AUTHORITIES

*Adelman v. St. Louis Fire and Marine Insurance Co.,* 293 F.2d 869 (D.C. Cir. 1961).

*Glenco Corp. v. American Equitable Assurance Co.,* 289 F.2d 899 (D.C. Cir. 1961).

*Phillips v. Allstate Indemnity Co.,* 156 Md. App. 729, 848 A.2d 681 (Md. Ct. Spec. App. 2004).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of May 2007, a copy of the foregoing Reply in Support of Defendant's Motion for Summary Judgment was served via electronic transmission upon:

Roy I. Niedermayer, Esquire
Katharine O. Porwick
Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chtd.
4800 Hampden Ln., 7th Floor
Bethesda, MD  20814
*Attorney for Plaintiff*

_____/s/_____
GEORGE E. REEDE, JR., Bar No. 43062