**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MDB COMMUNICATIONS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-CV-02131-PLF |
| | ) |
| HARTFORD CASUALTY INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO SEAL LIMITED PORTIONS OF RECORD BY REDACTION**

Plaintiff, MDB Communications, Inc., by and through its counsel, Roy I. Niedermayer and Paley, Rothman, Goldstein, Rosenberg, Eig and Cooper, Chartered, submits this Memorandum in support of its Motion to Seal Limited Portions of the Record by Redaction.

**NATURE OF THE CASE.**

This case arises out of claims by plaintiff under several separate policies of insurance (with respect to the present claims) with defendant for losses arising from dishonest acts committed by plaintiff's employee in forging authorized signatures on MDB checks resulting in financial losses to plaintiff. As part of the pleadings, motions with exhibits, and Court opinion, evidence was presented and referred to identifying and itemizing the specific amounts of the losses, the time periods over which the losses were incurred, and the sources and amounts of restitution obtained by plaintiff from the wrongdoer. This information was presented on the public record and remains on the public record with access through Internet searches. References to these losses provides plaintiff's competitors with both insight into the magnitude and type of financial operations of plaintiff and negative information about plaintiff's financial information in an industry in

which obtaining government and private contracts is highly competitive. The proprietary information concerning plaintiff's losses and recoveries has been used by competitor's in promoting themselves to the disadvantage of plaintiff in seeking to provide services to potential clients.  To the extent that the policy coverage limits reflect the amount of the claim of plaintiff, they have also been redacted.

**LIMITED RELIEF SOUGHT.**

Plaintiff seeks to have limited portions of specific pleadings, motions, exhibits, and the Court's opinion sealed by redaction of portions of the affected documents.  The limited portions involve:

1. Descriptions of the actual, specific amounts of losses sustained by plaintiff and the time periods in which the losses were sustained; and

2. The source and amount of recovery by restitution received by plaintiff from the wrongdoer in repayment of the losses.

Balancing of the applicable factors in *Johnson v. Greater Southeast Comm. Hosp. Corp.*, 293 U.S. App. 1, 951 F.2d 1268 (1991) supports plaintiff's request to seal these portions of the record by substitution of redacted copies of the pleadings, motions, exhibits, attachments, and Court opinion for the materials filed originally with the Court.

**FACTORS FOR LIMITED SEALING OF RECORD.**

A. <u>Public Need for Access to Sealed Information</u>.  The data plaintiff seeks to seal is proprietary and confidential financial information about its business operations showing specific losses sustained by it in its operations and the time periods within which these losses were sustained.  The public has no legitimate direct need for this information and can make no proper use of it.  The public need, if any, is only to understand the nature of

the claims in this lawsuit so that it may assess and understand the law and the Court's explanation and application of the law and policy terms for future guidance in similar transactions. The magnitude of the loss, the time period over which the loss occurred, and the amount of recovery by restitution is not necessary to understand the legal issues or the nature of the factual underpinnings for the Court's decision and application of law.

The claims presented in this case and the consolidated case raise legal and factual issues regarding the timing of the presentation of plaintiff's proofs of loss and substantiating information to defendant, coverage by the policies, and the nature and amount of the losses. The case also involves the interpretation of he insurance policies and application to the facts. The fact of a loss and its type (i.e., the cause and origin of the loss) are pertinent to the recovery under the insurance policies. The timing and content of information provided to defendant in accordance with the policy terms is pertinent for an understanding of the Court's ruling and opinion. The amount of any specific loss is irrelevant to the principles of law involved.

Similarly, the timing of any specific loss is irrelevant as long as sufficient facts showing that (a) the loss occurred during a specific policy and (b) during that policy's term are provided. The correlation of the losses to the specific policies is not redacted from the record so this information is available.

B.   Public Access Prior to Sealing of Record. The public had no access to the information in the record regarding the losses, losses periods, and restitution prior to filing because it was held in confidence by plaintiff and not available except through plaintiff.

C.   Prior Objection to Disclosure. The parties presented and the Court entered a Confidentiality Order on March 22, 2006 permitting the limitation of disclosure of

information produced in discovery indicating plaintiff's prior objection to revelation of the financial information produced. Plaintiff was unaware that its pleadings would be available generally on the Internet upon filing without having a Pacer account and ECF registration.

      D.      <u>Strength of Plaintiff's Property and Private Interest</u>.  Plaintiff has a significant business and competitive interest in not having its internal finances revealed to the general public and competitors both for economic and privacy reasons. These are among the most important reasons for maintaining confidentiality and sealing the record.

      E.      <u>Possible Prejudice to Opposition to Disclosure</u>.  There is no prejudice to defendant by sealing of the record. It has all the information in the unredacted and unsealed pleadings, exhibits, and attachments. At this stage of the proceedings after free exchange of all documents, there can be no possible prejudice to defendant. In the redacted versions, the public will have sufficient information to understand the issues, legal principles, and the Court's analysis, especially since the current summary judgment ruling is not substantially based on or deals with the amounts of loss, the timing of the losses or the amount of restitution, but the fact of those events.

      F.      <u>Purposes of Introduction of Information Into Record</u>.  The purpose for introduction of the information into evidence was the proof of plaintiff's damages in order to enable the Court to enter summary judgment for plaintiff in a liquidated amount if judgment were granted to plaintiff. Without this information, proper relief could not be accorded to plaintiff. Nevertheless, there is no justification for this information to be revealed to the public generally.

**CONCLUSION**.

For the foregoing reasons, the information plaintiff requests to be sealed in the record fulfills the criteria permitting the Court to enter an order for limited sealing as shown in the accompanying exhibits because the interest of plaintiff in privacy and confidentiality from the general public outweighs the policy of public access to judicial proceedings and because the information that is redacted and sealed is not necessary to understand the issues or rulings of the Court in this case.

                                        PALEY, ROTHMAN, GOLDSTEIN, ROSENBERG, EIG & COOPER, CHTD.

By: */s/ Roy Niedermayer*
     Roy Niedermayer, Esq. #180380
     Katharine O. Porwick, *pro hac vice*

4800 Hampden Lane, 7th Floor
Bethesda, MD 20814
Telephone: (301) 951-4456

Attorneys for Plaintiff