UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MDB COMMUNICATIONS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-2131 (PLF) |
| HARTFORD CASUALTY INSURANCE CO., | ) | |
| Defendant. | ) | |
| MDB COMMUNICATIONS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-0604 (PLF) |
| HARTFORD CASUALTY INSURANCE CO., | ) | |
| Defendant. | ) | |

OPINION

In these consolidated cases, the Court granted summary judgment for the defendant on the claims arising from Civil Action No. 05-2131 ("Case 1") in an Opinion and accompanying Order on March 28, 2007. See MDB Communications v. Hartford Casualty Ins. Co., 479 F. Supp. 2d 136 (D.D.C. 2007) ("Opinion"). In sum, the Court held that because plaintiff was in breach of a provision of its insurance policy requiring it to submit information requested by the insurance company, plaintiff could not bring suit under the policy. See Opinion at 15. This matter is now before the Court on plaintiff's Motion to Reconsider, Alter or Amend the Court Order of March 28, 2007 and on defendant's Motion for Summary Judgment as to

Plaintiff's Second Complaint [Civil Action No. 06-0604].[1]  For the reasons explained below, the Court grants defendant's motion for summary judgment on the claims in Civil Action No. 06-0604 ("Case 2") and denies plaintiff's motion to reconsider, alter or amend the Court Order of March 28, 2007.

## I.  BACKGROUND

The Court previously described the factual background of these cases in its March 28, 2007 Opinion.  See Opinion at 2-6.  The Court will repeat some portions herein.  Plaintiff MDB Communications, Inc. ("MDB") brought these actions against its insurance provider, Hartford Casualty Insurance Company ("Hartford"), for breach of contract after Hartford refused to compensate MDB for losses it sustained through employee dishonesty.  There are two insurance policies at issue in Case 1, the policy periods of which ran from July 28, 2003 to July 28, 2004 and from July 28, 2004 to July 28, 2005.  See Case 1 Complaint ¶¶ 5, 22.  There are four insurance policies at issue in Case 2, the policy periods of which ran from July 28, 1999 to July 28, 2003, also starting and ending on July 28 of each year.  See Case 2 Complaint ¶¶ 4, 17, 30, 43.  The relevant language in all of the policies at issue is the same.

---

[1]     The papers submitted to the Court in connection with these motions include: plaintiff's Motion to Reconsider, Alter or Amend the Court Order of March 28, 2007 ("Pl's MAAJ"); Defendant's Motion for Summary Judgment as to Plaintiff's Second Complaint and Opposition to Plaintiff's Motion to Reconsider, Alter or Amend the Court Order ("Def's MSJ"); Plaintiff's Reply Memorandum in Support of its Motion to Reconsider, Alter or Amend the Court Order of March 28, 2007 ("Pl's Reply"); Plaintiff's Opposition to Defendant's Motion for Summary Judgment as to Plaintiff's Second Complaint ("Pl's Opp."); Defendant's Reply in Further Support of its Motion for Summary Judgment as to Plaintiff's Second Complaint ("Def's Reply"); and Affidavit of Roy I. Neidermayer in Support of Motion to Reconsider, Alter or Amend the Court Order of March 28, 2007 ("Neidermayer Aff.").

Marilyn Essex was an employee of plaintiff MDB from 1998 or 1999 to 2005. Essex forged checks from MDB's bank accounts paid for her benefit to third parties. MDB alleges that it sustained financial losses as a result of Essex's actions which exceeded the amount of coverage available to plaintiff for such an event.[2] The total amount of loss asserted as a result of Essex's conduct over the course of several years was $645,861.97. See Opinion at 3-4.

Plaintiff discovered Essex's embezzlement on or about February 7, 2005. On February 16, 2005, Essex executed a promissory note to pay MDB $225,000 plus 7% interest per annum as restitution for her actions. Beginning on March 11, 2005 and at various times throughout 2005, plaintiff received several restitution payments from Essex. These payments totaled $279,510.75. See Opinion at 4.

On February 15, 2005, defendant requested that plaintiff file a proof of loss within 60 days. See February 15, 2005 Letter from Diane Scott (Hartford) to Philip A. Gorelick (MDB), Exh. 20 to Neidermayer Aff. ("February 15, 2005 Letter"). The letter notes that "the bond or policy contains certain time limitations concerning the discovery of loss, filing of the Proof of Loss, and the institution of legal proceedings against Hartford. We encourage you to read the entire bond or policy carefully." Id.

Plaintiff gave formal notice of its claims to Hartford by letter dated March 16, 2005. On or about April 12, 2005, plaintiff submitted two proof of loss forms (dated April 8, 2005) to defendant, one for the 2003-2004 policy period and one for the 2004-2005 policy

---

[2] Section E of the Employee Dishonesty Coverage Endorsement is entitled "Occurrence Definition." That section provides: "As used in this Endorsement, Occurrence means all loss caused by, or involving, one or more 'employees', whether the result of a single act or series of acts." Policy, Employee Dishonesty Coverage Endorsement.

period.  These proof of loss forms alleged a loss of $153,857.47 in the 2003-2004 period and a loss of $76,882.62 in the 2004-2005 period.[3]  The April 8, 2005 proof of loss forms stated that credits (obtained through restitution from the employee) had been applied to pre-July 23, 2003 losses.  See Opinion at 4-5.  Plaintiff did not file any proof of loss forms at that time under the four policies at issue in Case 2, which covered time periods prior to July 2003.

On August 11, 2005, Hartford rejected plaintiff's April 8, 2005 proofs of loss, on the grounds that "*they fail to address the total loss incurred by the insured and the potential credits based upon the restitution [MDB] has received to date.*"  August 11, 2005 Letter from Lucinda E. Davis (counsel for Hartford) to Roy I. Neidermayer (counsel for MDB), Exh. C to Def's Case 1 MSJ (emphasis added) ("August 11, 2005 Letter").  In the same letter, Hartford's counsel informed MDB's counsel that "the Hartford will permit the insured to submit revised proofs of loss accompanied by the following documentation within 30 days after the date of this letter."  Id.; see also Opinion at 5.

Defendant asserts that on September 9, 2005, "plaintiff submitted the identical proofs of loss" – that is, those for the 2003-2004 and 2004-2005 periods only – "with limited additional documentation . . . but again failed to provide any documentation establishing that it had not been fully compensated by Ms. Essex."  See Opinion at 5.  More specifically, MDB's counsel's letter to Hartford states:

> I appreciate that we disagree on the method to apply any restitution received from Ms. Essex.  However, the insured has applied any restitution received in accordance with standard accounting and bookkeeping principles which it deems proper.  Therefore, the

---

[3]     The Court will refer to all documents by the dates written on them rather than by the dates they are alleged to have been sent or received by any party.

> Proofs of Loss are accurate as originally submitted with respect to the amounts claimed and the credits applied.  By this letter, MDB is resubmitting the Proofs of Loss by incorporation.

September 8, 2005 Letter from Roy Neidermayer (MDB's counsel) to Lucinda E. Davis (Hartford's counsel), Exh. 13 to Neidermayer Aff ("September 8, 2005 Letter").  In this letter, MDB thus explicitly refused to submit the information requested in Hartford's rejection of the proofs of loss on August 11, 2005 -- for example, regarding its treatment of the restitution monies received from Essex and their relationship to the claims plaintiff had presented to defendant.  That is, the documentation submitted by plaintiff still "fail[ed] to address the total loss incurred by the insured and the potential credits based upon the restitution [MDB] has received to date."  August 11, 2005 Letter.

Plaintiff filed the first lawsuit in the Superior Court of the District of Columbia on October 7, 2005.  See Case 1 Complaint.  Defendant removed the first lawsuit to this Court on November 1, 2005.  See Notice of Removal.  Dispositive motions were due in Case 1 on April 3, 2006.  On the eve of the summary judgment deadline, on March 31, 2006, plaintiff filed a motion for leave to amend the complaint in Case 1, in order to add claims from four policy periods between July 28, 1999 and July 28, 2003.  Also on March 31, 2006, plaintiff filed the second lawsuit with respect to the four earlier policy periods and a motion to consolidate the two cases.  The Court granted the motion to consolidate.  As noted above, the Court granted summary judgment for the defendant on the claims arising from Case 1, and denied as moot the motion to amend, in an Opinion and accompanying Order on March 28, 2007.  This matter is now before the Court on plaintiff's Motion to Reconsider, Alter or Amend the Court Order of March 28, 2007 and on defendant's Motion for Summary Judgment as to Plaintiff's Second Complaint.

## II.  DISCUSSION

### *A. Motion to Alter or Amend the Judgment*

A motion to alter or amend judgment under Rule 59(e) is discretionary with the court and need not be granted unless the Court finds that there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Ciralski v. Central Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)); see also Messina v. Krakower, 439 F.3d 755, 757 (D.C. Cir. 2006); Long v. Department of Justice, 479 F. Supp. 2d 23, 25 (D.D.C. 2007).  Rule 59(e) motions to alter or amend judgment are "not to be used to relitigate matters already argued and disposed of; they are intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law."  Independent Petroleum Ass'n of America v. Babbitt, 178 F.R.D. 323, 324 (D.D.C. 1998); see Niedermeier v. Office of Max S. Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (Rule 59(e) motion may not be used to "relitigate old matters, or to raise new arguments or present evidence that could have been raised prior to the entry of judgment.").  Such motions are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances."  Niedermeier v. Office of Max S. Baucus, 153 F. Supp. 2d at 28.

Plaintiff has not met its burden to show that there are extraordinary circumstances, and that there has been an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  Plaintiff argues, as it did when it opposed defendant's original motion for summary judgment, that it did provide

defendant the requested information, which it describes as "documents regarding restitution." See Pl's MAAJ at 2. The Court does not disagree that the record shows that plaintiff provided defendant with *some* documents regarding restitution in a timely manner. Plaintiff has not demonstrated, however, and the record does not reflect, that plaintiff ever gave defendant the information that defendant requested on multiple occasions to show that plaintiff had not been fully compensated for its losses by Essex.

Plaintiff suffered losses over several years, and it received some funds in restitution from Essex. Plaintiff then chose to file claims with defendant for two policy years up to the maximum amount of coverage for those years, but would not share with defendant the information requested -- for example, "regarding the meaning of the statement 'Credits applied to pre July 28, 2003 losses' which has been added to the second page of the Proof of Loss form." See May 12, 2005 Letter from Diane T. Scott (Hartford) to Roy Niedermayer (counsel for MDB), Exh. 6 to Neidermayer Aff. As defendant notes, the "documentation that plaintiff submitted in support of its claim demonstrated that it had been compensated by Ms. Essex for losses incurred while the Hartford policy was in effect, but failed to address the total loss incurred or the potential credits based on the restitution MDB had received." Def's MSJ at 4.

In short, plaintiff moves to alter or amend the Court's March 28, 2007 Order by describing the holding of the Court in overly vague terms – that plaintiff is precluded because it failed to provide "documents regarding restitution" – and then showing that they did in fact provide some such documents. Plaintiff did not, however, supply the defendant with the information that it requested, as evidenced, for example, by the September 8, 2005 letter in which MDB's counsel asserts:

> I appreciate that we disagree on the method to apply any restitution received from Ms. Essex. However, the insured has applied any restitution received in accordance with standard accounting and bookkeeping principles which it deems proper. Therefore, the Proofs of Loss are accurate as originally submitted with respect to the amounts claimed and the credits applied. By this letter, MDB is resubmitting the Proofs of Loss by incorporation.

September 8, 2005 Letter. The Court therefore will deny plaintiff's motion to reconsider, alter or amend its Order of March 28, 2007.

*B. Standard for Summary Judgment*

Summary judgment may be granted only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits [or declarations], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A fact is 'material' if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d at 895 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 248). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Holcomb v. Powell, 433 F.3d at 895.

When a motion for summary judgment is under consideration, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255; see also Mastro v. Potomac Elec. Power Co.,

447 F.3d 843, 849-50 (D.C. Cir. 2006); Washington Post Co. v. United States Dep't of Health and Human Servs., 865 F.2d 320, 325 (D.C. Cir. 1989). The non-moving party's opposition must consist of more than mere unsupported allegations or denials, and must be supported by affidavits, declarations or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. See FED. R. CIV. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor. Laningham v. United States Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the non-movant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50; see Scott v. Harris, 127 S.Ct. 1769, 1776 (2007) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.") (internal quotations and citations omitted).

Moreover, in a case involving an insurance policy, "[w]here insurance contract language is not ambiguous, summary judgment is appropriate because a written contract duly signed and executed speaks for itself and binds the parties without the necessity of extrinsic evidence." Travelers Indem. Co. of Illinois v. United Food and Commercial Workers Int'l Union, 770 A.2d 978, 985 (D.C. 2001) (citations and quotations omitted); see also Nationwide Mut. Ins. Co. v. Richardson, 270 F.3d 948, 954 (D.C. Cir. 2001).

In its March 28, 2007 Opinion in this case, citing numerous insurance carrier cases with analogous facts, the Court held that:

> MDB breached the provision of the insurance policy requiring it to submit the information requested by the insurance company, and it therefore may not bring suit under the policies at issue in Case 1.

9

> The Court will grant defendant's motion for summary judgment with respect to the claims in the Complaint in Case 1.  See Powell v. United States Fid. and Guar. Co., 855 F. Supp. [858,] 861 [(E.D.Va. 1994)] (summary judgment granted for insurance company where insured failed to provide requested relevant financial information); Rymsha v. Trust Ins. Co., 746 N.E.2d 561, 562 (Mass.App.Ct. 2001) (affirming grant of summary judgment for insurance company where insured failed to provide pertinent financial information); Tran v. State Farm Fire and Cas. Ins. Co., 961 P.2d 358, 363 (Wash. 1998) (affirming grant of summary judgment for insurance company where insured failed to abide by provisions in the policy requiring cooperation with insurer's investigation); see also Adelman v. St. Louis Fire and Marine Ins. Co., 293 F.2d 869, 869-70 (D.C. Cir. 1961) (affirming grant of summary judgment for insurance company where insured had failed to file formal, rather than informal, proof of loss within 60 days); Diamond Serv. Co. v. Utica Mut. Ins. Co., 476 A.2d 648, 652 (D.C. 1984) ("It is in order to promote the efficient and economic liability insurance administration that such provisions are given effect in the interest of the public as well as the insurer."); Sidibe v. Travelers Ins. Co., 468 F. Supp. 2d 97, 101-02 (D.D.C. 2006) (granting summary judgment for insurance company where insured failed to comply with policy requirement that the insured provide prompt notice of an accident or loss as well as provide additional information); Nat'l R.R. Passenger Corp. v. Lexington Ins. Co., 455 F. Supp. 2d [32,] 43 [(D.P.R. 2006)] (granting summary judgment for insurance company where insured failed to comply with policy requirement that the insured provide prompt notice of an accident or loss).

Opinion at 15-16.[4]

---

[4] As noted above, MDB's counsel's September 8, 2005 letter to Hartford states: "I appreciate that we disagree on the method to apply any restitution received from Ms. Essex. However, the insured has applied any restitution received in accordance with standard accounting and bookkeeping principles which it deems proper.  Therefore, the Proofs of Loss are accurate as originally submitted with respect to the amounts claimed and the credits applied.  By this letter, MDB is resubmitting the Proofs of Loss by incorporation."  See September 8, 2005 Letter from Roy Neidermayer (MDB's counsel) to Lucinda E. Davis (Hartford's counsel), Exh. 13 to Neidermayer Aff.  In this letter, MDB thus explicitly refused to submit the additional information requested in Hartford's rejection of the proofs of loss on August 11, 2005, regarding its treatment of the restitution monies received from Essex and their relationship to the claims plaintiff presented to defendant.

The Court also informed the parties in its pervious Opinion that if "there were undisputed evidence before the Court that the four policies at issue in Case 2 had the identical relevant language as the policies at issue in Case 1, the analysis above might be dispositive of the claims in the Complaint in Case 2[.]" Opinion at 16-17.  Defendant repeatedly requested information from plaintiff about the losses plaintiff sustained due to Essex's actions, and plaintiff refused to share information about the total losses sustained and how it applied credits received from Essex in restitution.  Because of its breach of the provisions of the insurance policy at issue, plaintiff is precluded from suing under the policy for this loss.  For the same reasons set forth in the Court's Opinion and Order of March 28, 2007, the Court therefore will grant summary judgment for the defendant on the claims in Case 2.

Accordingly, the Court grants defendant's motion for summary judgment on the claims in the Complaint in Case 2, and denies plaintiff's motion to reconsider, alter or amend the Court Order of March 28, 2007.  An Order consistent with this Opinion will be issued this same day.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  January 24, 2008